H. F. COOK v. CITY OF BEATRICE ET AL.

[FILED MAY 6, 1891.]

1. **Municipal Bonds:** IRREGULAR SUBMISSION: ISSUE ENJOINED. In an action to enjoin the issuing of certain bonds of a city, to be donated to a railway company upon completion of its road, it appeared that the whole question had not been submitted to the electors of the city, and that no vote had been submitted or adopted for the payment of the principal at any time. *Held,* That the injunction granted by the court below would be affirmed.

2. ———: PRESUMPTION AFTER ISSUE: TAXES. A much stronger case is required to enjoin the collection of taxes levied for the payment of interest or principal of bonds issued in pursuance

of apparent authority, and which have been duly registered and passed into the hands of *bona fide* purchasers, than to prevent the issuing of such bonds upon specified grounds which migh invalidate them.

3. ———: ———. In this state every reasonable opportunity is offered to taxpayers to protect their rights by enjoining the issuing or registration of illegal bonds, and unless there is a want of power to issue the same, bonds duly issued and registered will not be declared invalid for mere irregularity in the exercise of the power to issue such bonds.

APPEAL from the district court for Gage county. Heard below before BROADY, J.

*Hazlett & Bates,* and *S. S. Brown,* for appellants, cited, contending that the proposition submitted did not need to be accompanied by a provision for the levy of a tax to pay the principal: *Fremont Bldg. Ass'n v. Sherwin,* 6 Neb., 48, 53; *U. S. v. Dodge Co.,* 110 U. S., 156, 161–2.

*Griggs & Rinaker, contra.*

MAXWELL, J.

This action was brought by the plaintiff, a taxpayer of the city of Beatrice, and others, to enjoin the defendants from delivering to the Chicago, Kansas & Nebraska R. R. Co. $50,000 bonds of said city. The reasons for said injunction are set forth in the petition as follows:

" That the said defendant, the C., K. & N. R..R. Co., was not, on the 20th day of July, 1886, is not now, and never has been, incorporated under the laws of the state of Nebraska, nor has said C., K. & N. R. R. Co. ever at any time been entitled to do business in said state; that on the 1st day of April, 1886, the said C., K. & N. R. R. Co., filed in the office of the secretary of state articles of its incorporation under the laws of the state of Nebraska, a true copy of said articles being hereto annexed, marked 'A,' and made a part of this petition; that the said C., K. & N. R. R. Co.

8

has never at any time filed for record in the office of the county clerk of said Gage county any articles of its incorporation whatever; and that the said articles so filed in the office of the said secretary of state are the only articles anywhere filed in the state of Nebraska by said railroad company.

"That upon the 16th day of June, 1886, the said mayor and councilmen attempted and pretended to pass, sign, and approve an ordinance, a true copy of which is hereto annexed, marked 'B,' and made part of this pleading; that the same was not a valid ordinance at the time of the giving of the notice mentioned in the next paragraph of this pleading, said ordinance at said time not having been published as required by law and the rules and regulations governing the passage of ordinances in said city, and the same not providing for the payment of the principal of the proposed bond as required by the laws of the state of Nebraska.

"That on the 18th and 25th days of June, and on the 2d and 9th days of July, of the year 1886, and upon no other days, the defendants—not including the defendant railroad company—published and caused to be published in the Beatrice *Democrat* a notice, a true copy of which is hereto annexed, marked 'C,' and made part of this pleading, the said notice being first published as aforesaid on the said 18th day of June, 1886, and prior to the publication and taking effect of the ordinance above mentioned the said ordinance being first published at the same time and in the same paper as the said first publication of the said notice.

"That upon the 3d day of July, 1886, and more than two weeks prior to the date named in said notice as the date for the holding of the election for the said bonds mentioned in the said notice, the defendant, the C., K. & N. R. R. Co., through its authorized and responsible agent, filed for record, in the county clerk's office of said Gage

county, a plat of the survey of the road of said company, showing the exact, line of route of the said proposed railroad through the said Gage county, and through the said city of Beatrice and precincts included within said city.

"That upon the 20th day of December, 1886, the defendant, the C., K. & N. R. R. Co., sold and conveyed, as fully as by law it was authorized to do, all of its road, rights, powers, privileges, immunities, and franchises in the state of Nebraska to the C., K. & N. Ry. Co., a corporation organized and doing business under the laws of the state of Kansas, as will appear by the exhibits hereto annexed, marked 'D' and 'E,' and made a part hereof.

"That at the time of the making of the conveyance mentioned in the last paragraph, the said C., K. & N. R. R. Co. had not constructed any line of railroad through said Gage county, nor in or to the said city of Beatrice, nor had said company complied with the terms and conditions of said proposition on its part to be performed; that the said C., K. & N. Ry. Co. was not on the 20th day of December, 1886, is not now, and never has been, incorporated under the laws of the state of Nebraska, and entitled to do business within the said state.

"That on the 23d day of December, 1886, the said C., K. & N. Ry. Co. filed in the office of the secretary of state of the state of Nebraska a copy of its articles of incorporation in the state of Kansas, a true copy of said copy of said Kansas articles of incorporation, so filed, being hereto attached, marked 'D,' and made a part of this pleading; that said C., K. & N. Ry. Co. has filed no other articles of incorporation anywhere in the state of Nebraska, at any time, save said copy of its Kansas articles of incorporation, filed as aforesaid; that on the 20th day of December, 1886, the said C., K. & N. R. R. Co. ceased to exist and became extinct and is not now, nor has it been since said date, a corporation of the state of Nebraska, nor has it at any time since said date constructed

any line of railroad, or portion thereof, through said Gage county, or in or to the said city of Beatrice, or elsewhere; that after the said 20th day of July, 1886, the day upon which the special election mentioned in said notice was held, the said C., K. & N. Ry. Co. constructed a line of road through said Gage county and the said city of Beatrice and precincts included therein, but upon a line of route different from that indicated by the said survey and plat, and at a distance of more than 80 rods from the line of route as marked upon the said survey and plat, filed as aforesaid in said county prior to the said date of said election.

"That the said C., K. & N. Ry. Co. and the said C., K. & N. R. R. Co. have not, either severally or jointly, complied with the terms of said proposition, nor has any line of railroad at any time ever been constructed through Gage county and in and to said city of Beatrice, which does not deviate in its course more than eighty rods from the line of railroad as showed upon the plat mentioned in the seventh paragraph of this pleading; that the proposition of the question submitted to and voted upon by the electors of said city, as to whether or not said bonds should be issued, did not contain any provision for the payment of the principal of said bonds, nor was any vote ever had or taken by the electors of said city, adopting the amount of tax to be levied to meet the liability to be incurred by the issuance of said proposed bonds.

"That upon the 27th day of July, 1886, the said defendants, the city council and mayor aforesaid, by resolution formally adopted, resolved, and declared that the proposition to issue the said bonds mentioned in 'Exhibit A,' hereto annexed, had been duly carried, and thereupon, without authority of law and contrary to the rights of this plaintiff and other taxpayers of said city, by resolution further resolved that the said mayor and city clerk be authorized to issue, sign, and attest said bonds, and to deliver

Cook v. City of Beatrice.

them to the said C., K. & N. R. R. Co. upon its compliance with the terms of said proposition to be performed upon its part, the said proposition being the one set out in the notice hereto annexed and marked 'D.' That notwithstanding all of the above facts, and the bonds referred to cannot legally be issued, the said defendants threaten and are about to, and will, unless restrained from so doing by the interposition of this court, issue to the said C., K. & N. R. R. Co., or its assigns, the $50,000 of bonds mentioned in 'Exhibit 'A,' hereto annexed, and thereafter the bonds will be sold to innocent purchasers, and the taxpayers of the said city of Beatrice will be compelled to pay the principal and interest of said illegal bonds, whereby the taxes of the taxpayers of the said city of Beatrice and of this plaintiff will be greatly increased, by reason whereof the taxpayers of the said city of Beatrice, including plaintiff, will be greatly and irreparably injured.

"Wherefore, as plaintiff is without remedy, unless by the interposition of this court, he prays that the said defendants—the said mayor, city clerk, and city council, and each and all of them—may be enjoined during the pendency of this action from signing, attesting, issuing, and delivering the said bonds mentioned in this pleading, or any portion thereof, to the said C., K. & N. R. R. Co., or its assigns, or to any other person or persons or corporation whatsoever; that upon the final hearing of this cause said injunction may be made perpetual, and the plaintiff may have such other and further relief as in equity he may be entitled to.".

On the trial of the cause in the court below the injunction was made perpetual, from which judgment the railway company appeals.

The answer admits nearly all the facts alleged in the petition, but appears to deny the allegations that the road was not built until after the transfer by the original company and the deviation.

The election in question was called in pursuance of an ordinance, that portion of which relates to bonds and taxes is as follows:

"That a special election be and the same is hereby called to be held in the city of Beatrice, in the county of Gage, in the state of Nebraska, on Tuesday, the 20th day of July, 1886, at the voting. places hereinafter specified, in said city, for the purpose of submitting to the legal voters of said city the following question and proposition, that is to say:

"Shall the city of Beatrice, in the county of Gage, in the state of Nebraska, aid the C., K. & N. R. R. Co., a corporation duly incorporated and organized under and by virtue of the laws of the state of Nebraska, in constructing its railroad into said city, by issuing to the said railroad company fifty bonds of said city, of the denomination of $1,000 each; said bonds to be dated on the first day of January, 1887, and to be payable to the bearer at the fiscal agency of the state of Nebraska, in the city of New York, twenty years after the date thereof, to be redeemable at the option of said city at any time after five years from their date, and to bear interest at the rate of six per cent per annum, payable semi-annually on the first day of July and January of each year, for which interest coupons shall be attached, payable at the fiscal agency aforesaid?

"And shall the mayor and council of said city of Beatrice, or person or persons charged by law with levying the taxes for said city for the time being, cause to be levied annually, on all the taxable property of said city, a tax sufficient for the payment of the interest on said coupon bonds as it shall become due?"

Sec. 1, chap. 45, Compiled Statutes, provides: "That any county or city in the state of Nebraska is hereby authorized to issue bonds to aid in the construction of any railroad, or other work of internal improvement, to an · amount to be determined by the county commissioners of

such county, or the city council of such city, not exceed-
ing ten per cent of the assessed valuation of all taxable
property in said county or city; *Provided,* The county
commissioners, or city council, shall first submit the ques-
tion of the issuing of such bonds to a vote of the legal
voters of said county or city, in the manner provided by
chapter 9 of the Revised Statutes of the state of Nebraska
for submitting to the people of a county, the question of
borrowing money.

"Sec. 2. The proposition of the question must be ac-
companied by a provision to levy a tax annually for the
payment of the interest on said bonds as it becomes due;
*Provided,* That an additional amount be levied and col-
lected to pay the principal of said bonds, when it shall be-
come due; *And provided further,* That no tax shall be
levied or collected to pay any principal of said bonds until
after the year 1880.

"Sec. 3. The proposition shall state the rate of interest
such bonds shall draw, and when the principal and interest
shall be made payable."

The question here presented was before this court in
*State v. Babcock,* 21 Neb., 599. In that case the propo-
sition, so far as it related to the levying of taxes, was as
follows:

"Now, therefore, public notice is hereby given to the
qualified electors of said Union Creek precinct, Madison
county, Nebraska, that an election of the qualified voters
of said precinct is hereby called to take place, and will be
held at the town hall, in the village of Madison, in said
county, on the 13th day of August, A. D. 1886, commenc-
ing at the hour of eight o'clock in the morning and con-
tinuing to and closing at the hour of six o'clock in the
afternoon of said day, at which said election there will be
submitted to, and voted upon by, the qualified electors of
said precinct, the question of issuing the bonds of said
Union Creek precinct, Madison county, Nebraska, in the

sum of seven thousand dollars,. to bear date September 1, 1886, and payable September 1, 1906, and bearing interest at the rate of six cents on the dollar thereof, payable on the 1st day of September, 1887, and annually on the same day each year thereafter until said bonds are fully paid, to be used in the erection and construction, in the village of Madison, in said county, of a building, as a court house for the use and benefit of Madison county, Nebraska, free of all costs to it, except repairs, so long as the county seat of said county shall remain at said village of Madison, but to revert to said precinct in the event of the removal of said county seat of said county from the said village of Madison. And also the additional question of levying an annual tax on the taxable property of said precinct, to pay the interest on said bonds annually, not to exceed four hundred and twenty dollars per year. At said election those voting for the issuance of said bonds and the levying of an annual tax upon the taxable property of said precinct, to pay the annual interest on said bonds, will have written or printed on their ballot the following :

"'1. For issuing precinct bonds to construct court house. Yes.'

"'2. For levying an annual tax on the taxable property of the precinct, to pay the annual interest on said bonds. Yes.'

"Those opposing the issuance of said bonds and levying of said tax will have written or printed on their ballot the following :

"'1. For issuing precinct bonds to construct court house. No.'

"'2. For levying an annual tax on the taxable property of the precinct, to pay the annual interest on said bonds. No.'"

It will be observed that the proposition in the case under consideration is substantially the same as in *State v. Babcock.* In that case Judge REESE, in writing the opin-

ion says (p. 603): "Has the board authority to levy the taxes without being directed so to do by the voters?" And the conclusion reached by the court was that such authority did not exist. The reason is, the issuing by a municipal corporation of commercial paper is out of the line of its ordinary duties. It is only authorized to issue such paper when the voters of the municipality have granted the power. Therefore, in order that the voters shall understand the obligations they are assuming, such obligations should appear in the proposition, and they must by their votes grant power to the municipal authorities to levy upon the taxable property of the municipality, not only taxes to pay the interest but the principal as well. This power resides in the voters of the municipalty, and must be granted by them, or it cannot be exercised by the officers in their levy and collection of taxes for the principal. The proposition in question, therefore, is not broad enough to authorize the collection of taxes to pay the principal of such bonds.

It is claimed that the case of the *Fremont Building Association v. Sherwin,* 6 Neb., 48, authorizes the issuing of bonds where no provision was made for the payment of the principal. That was an action brought to enjoin the collection of taxes levied to pay the interest on certain bonds issued for the construction of a wagon bridge across the Platte river. The bridge was constructed and accepted, and the bonds passed into the hands of *bona fide* holders. The bridge was a toll bridge, but this fact did not appear on the face of the bonds. There was a provision in the proposition to levy not to exceed a one-mill tax, for the payment of the "necessary repairs on the bridge, to meet the contingent expenses, and also to pay the interest and principal of said bonds as they fell due." This rate was considered sufficient by the commissioners in submitting the proposition, and for aught that appeared in the record it was sufficient. (*F. B. A. v. Sherwin,* 6 Neb., 52, 53.)

The case cited, therefore, is not in conflict with the de-

· cision in this case. Had the action in that case been brought to enjoin the issuance of the bonds, the result might have been different, as it requires a much stronger case to enjoin the collection of taxes for the payment of the interest or principal of bonds issued in pursuance of apparent authority, and duly registered, and which have passed into the hands of *bona fide* purchasers, than to enjoin the issuing of the same in the first instance, and it is probable that the bonds in question would be valid in the hands of innocent purchasers for full value; but that question is not before the court. In this state every reasonable opportunity is offered to taxpayers to protect their rights, by enjoining the issue or registration of illegal bonds, and unless there is a want of power to issue the same, bonds duly issued and registered will not be declared invalid for mere irregularity in the exercise of power to issue such bonds. Here a taxpayer is alert, and asks the court to restrain the issuing of the bonds for the causes set forth, evidently fully realizing that if the bonds were issued and passed into the hands of a *bona fide* purchaser they would be valid. In our view the reasons adduced are sufficient to enjoin the defendants from issuing the bonds. The judgment is therefore

AFFIRMED.

THE other judges concur.