J. R. HENDRIX, PLAINTIFF IN ERROR, v. J. A. RIEMAN, ADMINISTRATRIX, DEFENDANT IN ERROR.

1. **Construction of Statutes.** All statutes *in pari materia* must be taken together and construed as if they were one law.

2. **Practice**: EVIDENCE: RECORD. When the record does not contain all the evidence, or show that no evidence was introduced or offered relative to issues of fact in a trial before the court, it will be presumed that the findings of the court are based on sufficient proof of the facts.

3. ———: REVIVOR OF ACTIONS. The statute provides the mode and regulates the practice in cases of revivor of actions, and the judgment or final order of revivor under the mode prescribed, unless reversed or vacated on error, is conclusive, and cannot be reviewed on the subsequent trial of the cause.

4. ———: ———. And in such case, a plea of *ne unques administrator*, subsequently pleaded to the action, is bad, and may be treated as surplusage.

5. ———: ALLOWANCE OF ATTORNEY'S FEE. When the instrument sued on provides for an attorney's fee, the allowance of the fee is no part of the judgment for the debt itself, but it is taxed as costs, and is subject to exceptions and review in like manner as the taxation of other costs may be.

ERROR to the district court for Douglas county. The action was upon a promissory note, and was brought by S. D. Rieman, a non-resident. During the pendency of the action, and after the issues therein were made up, the cause was revived in the name of Jennie Rieman, as administratrix. Hendrix appeared specially, and filed objections to the revivor. These objections were overruled, and exceptions duly taken. The case was then called for trial, but before trial commenced Hendrix asked leave to file an answer, which was granted, and an answer was filed denying that Jennie A. Rieman was administratrix of the estate of Sylvester D. Rieman. Trial was had. Plaintiff in error declined to offer any evidence, and defendant in error also waived introduction of testimony. Thereupon the jury, under the oral instructions of the court, returned a verdict for the plaintiff for $1,323.62. A motion for judgment *non obstante veridicto*, and a motion for new trial were made, both of which were overruled, and judgment rendered on the

verdict, to which the court added $75 as an attorney's fee; to all of which the plaintiff in error excepted, and brought the cause up for review by petition in error.

*T. W. T. Richards,* for plaintiff in error.

I.  Upon the return of the conditional order of revivor, a special appearance was made, and exceptions filed to the revivor.  It is insisted that these exceptions were well taken, and should have been sustained.  The plaintiff was a non-resident.  The proposed representative was a foreign administratrix.  The statute (Gen. Stat., p. 342, sec. 337), provides that such administrator "may commence and prosecute any action or suit in any court in the state," but it nowhere makes provision for revivor by a foreign executor or administrator, but special provision is made (Gen. Stat., p. 601, sec. 462), for reviving against a non-resident defendant, executor, or administrator.  In the absence of a statute permitting it, a foreign executor or administrator can not sue as such in another state.  *Vickery v. Beier,* 16 Mich., 50. *French v. Frazier,* 7 J. J. Marsh. (Ky.), 425.  *Pond v. Makepeace,* 2 Metc., 114, 116.  *Goodwin v. Jones,* 3 Mass., 514.  *Beaman v. Elliott,* 10 Cush., 172.  *Sabin v. Gilman,* 1 N. H., 193.  *Barrett v. Barrett,* 8 Me., 346.  *Kerr v. Moon,* 9 Wheaton, 566.  *Dixon v. Ramsey,* 3 Cranch, 319.  *Gilman v. Gilman,* 54 Me., 453.

II.  After the action had been revived, the defendant, by leave of court, filed a supplemental answer, interposing the plea of *ne unques administrator.*  This denial of the authority of the substituted plaintiff to prosecute the action threw the burden of proof upon the plaintiff. No proof was introduced.  The court should have either entered non-suit against the plaintiff or directed verdict for the defendant.  *Flinn v. Chase,* 4 Denio, 85.

*French v. Frazier*, 7 J. J. Marsh. (Ky.), 425.  *Vickery v. Beier*, 16 Mich., 50.  *Moore v. Rand*, 1 Wis., 245.

III.  It is insisted further that the court erred in giving judgment for an attorney's fee.  The constitution of Neb., Art. II, sec. 6, provides that " the right of trial by jury shall remain inviolate."  The courts interpret this to mean the right to a jury trial in all such cases where such right existed at the time of the adoption of the constitution.  Sed. on Stat., and Cons. Law, p. 486 (note).  The case at bar was an action on a promissory note, a common law action, in which the right to trial by jury has always existed.  The case was in fact tried by a jury, and a verdict rendered October 7th for $1,323.62.  Three weeks afterwards, and on the 28th of October, the court arbitrarily, and without any evidence as to the value of the services, and without the intervention of a jury, and against the protest of the defendant, rendered judgment for the $1,323.62, and the further sum of $75 as an attorney's fee.  This was denying to the defendant his constitutional right to try the question of attorney's fee before a jury.  37 Ind., 512.  1 Blackf., 375.  29 Mo., 356.  4 T. B. Mon., 43.  1 A. K. Marsh. 290.

*George W. Doane*, for defendant in error.

I.  To admit the law to be as claimed by counsel, as applicable to this case, would involve the absurdity of admitting that the legislature has provided that a foreign administrator may commence an action in this state but may not proceed with one already commenced.  Our statute does not lead to any such absurdity, even by the inference which might be drawn from an omission to provide for such a case; for the section quoted by counsel in his brief provides, in express terms, that an executor or administrator, duly appointed in any other

state or country, may not only *commence* any action or suit in any court in this state, but may *prosecute* any such action in his capacity of executor or administrator in like manner and under like restrictions as a non-resident may. So that while I do not deny the general proposition, in support of which counsel for plaintiff in error has cited so many authorities, to-wit: " that *in the absence of a statute permitting it* a foreign executor or administrator cannot sue as such in another state," I simply reply that the proposition is inapplicable to this case for the reason that our statute does not permit it.

II. The fourth ground of error urged by counsel for plaintiff in error is that an attorney's fee of $75.00 was allowed by the court to the plaintiff below upon the entering of judgment in his favor, and that this was a violation of the constitutional provision securing the right of trial by jury. If so, why is it not equally a violation of such right to tax any other costs against a losing party; or for an appellate court to assess damages against an appellant upon the affirmance of the judgment; or for a court to make an allowance to referees in partition suits, or to attorneys in such suits, or to referees for taking testimony and stating accounts between parties; or in numberless other cases which might be stated, in which either by statutory provision or by long established practice courts have been in the habit of assessing such allowances without the intervention of a jury? It is no violation of that constitutional right, for the reason that such assessments are in the nature of costs, which follow the judgment, and have never been submitted to a jury. Such is the nature of attorneys' fees taxed under the statute in this state. *Rich v. Stretch,* 4 Neb., 189. This being the case, if the plaintiff in error felt aggrieved by this allowance, his remedy was by a motion to retax; and if, after having thus brought the

matter to the attention of the court, relief was refused, he could then apply to the reviewing power of this court.

GANTT, J.

During the pendency of the cause in the court below the plaintiff in the action died, and it was revived in the name of defendant in error as administratix. The principal point made in the argument for plaintiff in error is, that the defendant in error is a foreign administratrix, and therefore the revival of the action in her name is error. It is conceded that in the absence of a statutory law permitting it, a foreign executor or administrator cannot sue or prosecute an action as such in another state. However, the point made in the argument might be answered by the remark that the record does not show the defendant to be a foreign administratrix; but admitting such to be the fact, does not our statute sufficiently provide for the revival of an action in the name of such foreign administratrix?

Section 337, Chap. XIV, Revised Code (1866), provides that "an executor or administrator duly appointed in any state or country, may commence and prosecute any action or suit, in any court of this state, in his capacity of executor or administrator, in like manner and under like restrictions as a non-resident may be permitted to sue."

The only restriction imposed by statute on a non-resident to sue in this state is, that he "must furnish sufficient surety for costs." In respect of actions which survive or continue, it is provided by section forty-five of the civil code that in the case of the "death or other disability of the party, the court may allow the action to continue by or against his representative or successor in interest;" and section four hundred and fifty-eight of the civil code provides that, when a party in an action dies, "if the right of action survive in favor of or against

his representatives or successors, the action may be revived and proceed in their names."

These statutory provisions all relate to the one general subject of an action, commenced, prosecuted, or revived in any of the courts of this state, and must be taken together and construed as if they were one law. This is an ancient and well-established rule of construction.

In the case of the *Earl of Ailsbury v. Patterson*, Doug. 20, Lord Mansfield held that "all acts *in pari materia* are to be taken together, as if they were one law. * * * When there are different statutes *in pari inateria*, though made at different times, and not referring to each other, they shall be taken and construed as one system, and explanatory of each other."

In *United States v. Freeman*, 3 How., 557, it is said "the correct rule of interpretation is, that if divers statutes relate to the same thing, they ought all to be taken into consideration in construing any one of them, and it is an established rule of law, that all acts *in pari materia* are to be taken together as if they were one law." *The People v. Weston*, 3 Neb., 312. *White v. Blum*, 4 Neb., 561.

When the above statutory provisions are construed according to this rule, if they mean any thing at all, their purpose is to authorize an administrator, foreign or domestic, to commence and to prosecute any action or suit, in any court of this state, in his capacity of administrator, and in case of the death of the party plaintiff to an action or suit, if the right of action survive, to revive the same in his name as such administrator. This seems to be the only reasonable construction of these statutory provisions, when they are taken together as one system.

Again, it was insisted that the court erred in sustaining the motion for the revivor of the action. To this motion and the proceedings for revivor of the action in the

name of the defendant as administratrix, the plaintiff in error appeared and denied the appointment of defendant as administratrix; denied that notice of the motion was given to him, or that the conditional order was made, served, or returned as required by law. Upon the hearing of the case the court found "that the suggestion of the plaintiff's death and the appointment of Jennie A. Rieman as administratrix of the estate of the said plaintiff is true," and thereupon "ordered that this action be and the same is hereby revived in the name of the said Jennie A. Rieman, as administratrix," etc.

The record shows that the case was heard before the court, and that to its decision the plaintiff excepted. It does not show what were the proofs, or whether any were or were not made on the hearing of the case; and therefore it must be presumed that the findings of the court are based on sufficient proof of the facts. *Wilcox v. Saunders*, 4 Neb., 582. *Eastman v. Wight*, 4 Ohio St., 159.

The statute provides the mode and regulates the practice in cases of revivor of actions. The mode of procedure, when not by consent, is by motion and conditional order of the court, if made in term, or by a judge thereof, if made in vacation; and the statutory provisions very plainly indicate that the question of revival of the action in the name of the administrator must be finally determined on the hearing of the case, upon the motion and conditional order and answer thereto of the adverse party. And that this is the correct interpretation of the statute seems quite clear from the fact that no step can be taken in the prosecution of the action until there is a revival of the action by the substitution of the proper representative in the place of the deceased party. And this judgment or final order of revivor, unless reversed or vacated on error, is conclusive, and cannot be reviewed on the subsequent trial of the cause;

and therefore the plea of *ne unques administrator*, subsequently pleaded to the action, is bad, and may be treated as surplusage.

Again, the error complained of in regard to the service and return of the conditional order, if any did occur, was waived by the plaintiff's voluntary appearance and denial of the facts stated in the motion and conditional order.

In respect to the attorney's fee, it is sufficient to observe the statute provides that in actions upon written instruments for the payment of money only, where the instrument expressly provides for the allowance of an attorney's fee, the court shall fix the amount, not to exceed ten per cent of the recovery, and that this allowance is not part of the judgment for the debt itself, but is merely taxed as costs and can be excepted to and reviewed in like manner as the taxation of other costs may be. *Rich v. Stretch*, 4 Neb., 189.

It was insisted that the court erred in giving a brief oral instruction to the jury; but this assignment of error cannot be considered because it does not appear in the record that any exception was taken to this instruction. *Horbach v. Miller*, 4 Neb., 43.

The judgment of the court below must be

AFFIRMED.