THE STATE, EX REL. W. L. BERRY, v. H. A. BABCOCK, AUDITOR, AND G. L. LAWS, SECRETARY OF STATE.

1.  **Construction of Statutes.**   Statutes should be construed, if possible, so as to give effect to every clause, and one act should not be placed in antagonism with another prior act, unless such was clearly the intent of the legislature.

2.  ———.   All statutes *in pari materia* must be taken together and construed as if they were one law.   *Hendrix v. Reiman,* 6 Neb., 516.

3.  ———: REPEAL BY IMPLICATION.   A statute will not be considered repealed by implication unless the repugnancy between the new provision and the former statute is plain and unavoidable.   *Lawson v. Gibson,* 18 Id., 137.

4.  **Precinct Bonds.**   The provision of section 28 of chapter 18 of the Compiled Statutes of 1885, which requires the adoption of the amount of tax to be levied to meet the liability incurred by the issuance of bonds, is mandatory and must be complied with in the issuance of precinct bonds under the provisions of chapter 58 of the Session Laws of 1885, as well as in the issuance of county bonds.

ORIGINAL application for mandamus.

*William V. Allen*, for relator.

*William Leese, Attorney General*, and *Williams, Jenckes & Redlon*, for respondent.

REESE, J.

The county commissioners of Madison county submitted to the electors of Union Creek precinct, in said county, a proposition to issue seven thousand dollars of precinct bonds to aid in the construction of a court house in the village of Madison, the county seat. The proposition, as submitted, was adopted, the bonds executed by the county officers and presented to the auditor and secretary of state for registration and certification. Those officers, for reasons which will hereafter appear, declined to register and certify the bonds, and this suit is brought for the purpose of compelling action by a peremptory writ of mandamus.

The cause is submitted upon a stipulation, which we here copy in full:

"It is hereby agreed by and between the parties hereto, that the annexed transcript marked exhibit 'A,' and which is incorporated into and made a part of this stipulation, is a true and accurate history and transcript of all things connected with and pertaining to the voting of $7,000 of precinct bonds, of Union Creek precinct, Madison county, Nebraska, on the 13th day of August, 1886. The relator having presented the bonds, duly executed and in proper form, to the defendant Babcock, auditor of state, for registration, and to the other defendant, as secretary of state, to be certified, they respectively refused to register and certify said bonds, solely on the ground that the commissioners of Madison county, in calling the election in the precinct to vote on the question of the issuance of said bonds, did not

embrace in the submission an additional proposition to 'adopt the amount of the tax to be levied to meet the liability incurred,' as provided in section 28, chapter 18, Compiled Statutes of 1885—all other matters being adjudged and found by them to be strictly regular and in conformity to the statute. The parties submit this question and no other to the consideration of the court. In submitting the question of the issuance of said precinct bonds to the voters of Union Creek precinct, was it necessary to the validity of the election that there be embraced in the submission an additional proposition 'adopting the amount of the tax to be levied to meet the liability incurred,' by the voting of said bonds, as provided in section 28, chapter 18, Compiled Statutes of 1885? If this shall be answered in the negative, a writ of mandamus shall be issued to the defendants, requiring them to respectively register and certify said bonds. If answered in the affirmative no writ shall be issued."

It will thus be seen that the question presented for decision is whether or not it was necessary to comply with the provision of sections 27 and 28 of chapter 18, Compiled Statutes of 1885, in submitting the question of the issuance of the bonds to the voters of the precinct. Our attention is particularly directed to section 28, which is as follows:

"When the question submitted involves the borrowing or expenditure of money, or issuance of bonds, the proposition of the question must be accompanied by a provision to levy a tax annually for the payment of interest, if any, thereof, and no vote adopting the question proposed shall be valid unless it likewise adopt the amount of tax to be levied to meet the liability incurred."

It is believed by the auditor and secretary that the latter clause of the foregoing section is in force, and that its provisions are mandatory; while it is contended on the part of the relator that the provisions contained in subsequent enactments have so far modified this section in its applica-

tion to the bonds in question as to render a compliance with its terms unnecessary.

It is not our purpose to follow and discuss, in detail, the very able and logical argument presented in the brief of the attorney for relator, but must be content with a brief statement of our conclusions and their application to the case at bar.

It is a fundamental principle of law that in constructing statutes all provisions on the same subject must be construed together, and if possible all should be harmonized. so that the whole should be consistent as if they were one law. *Hendrix v. Reiman,* 6 Neb., 516. And, if possible, so as to give effect to every clause; and one part should not be placed in antagonism with another. *McCann v. Mc-Lennan,* 2 Id., 286. It is also well settled that repeals of statutes by implication are not favored, and a statute will not be considered repealed by implication, unless the repugnancy between the new provision and the former statute is plain and unavoidable. *Lawson v. Gibson,* 18 Id., 137.

The section (28) above quoted has been in force for a number of years, and its provisions are mandatory, unless modified by the act of March 6, 1885. Laws of 1885, ch. 58. Comp. Stat., ch. 45. The section can receive but one construction: "No vote adopting the question proposed shall be valid unless it likewise adopt the amount of tax to be levied to meet the liability incurred." Has this law been changed? It is insisted that it has in so far as its application to precinct bonds is concerned, and that this change is affected by the act of 1885. This act gives authority to precincts, etc., to issue bonds to aid in the construction of court houses, and for other purposes therein named, and that upon a petition being presented to that end the county commissioners shall call an election for the purpose of voting upon the proposition of issuing the bonds. "The notice, call, and election shall be governed by the

law regulating the election for voting bonds by a county."

Sections three and four are as follows:

"Sec. 3.    The county commissioners or persons charged with levying the taxes for the county shall each year, until the bonds voted under the authority of this act be paid, levy upon the taxable property in the precinct, township, or village, a tax sufficient to pay the interest and five per cent of the principal of bonds issued under this act; and at the tax levy preceding the maturity of such bonds, levy an amount sufficient to pay the principal and interest due on said bonds.

"Sec. 4.    All proceedings in relation to such election and the issuance of the bonds shall be in accordance with the provisions of this act."

It is insisted by the relator that "It being the duty of the commissioners to levy the tax to pay the bonds, it was not necessary for the people to vote on that question, and hence not necessary to include it in the submission;" that the duty to provide a fund to meet the payment of the bonds is vested solely in the county board, regardless of any vote upon that subject by the people.

We concede that the duty of providing the means of payment, by the levy of taxes, devolves upon the county board, and that no one else can discharge that duty.  But the question to us is one of authority.  Has the board the authority to levy the taxes without being directed so to do by the voters?  It would have been entirely competent for the legislature to have incorporated the clause above quoted from section 28 into the body of the act of 1885, and the presence of such a provision would not have been in the least in conflict with any provision of the act.  It would simply have been that, when the bonds were voted and the authority given to levy the taxes to meet the liability incurred, the county board should levy the necessary taxes each year until the bonds were paid.  It seems to the mind of the writer that no one could consistently claim

that a conflict would exist between such provisions. But as the provision already existed in section 28 it was unnecessary to re-enact it, and the whole ground was covered by the second provision of section one, which is: "Upon the reception of such petition the county commissioners shall give notice and call an election in the precinct, township, or village, as the case may be. Said notice, call, and election shall be governed by the law regulating the election for voting bonds by a county." Now by referring to section 28 of the prior act we find what the call (or proposition) shall be, and by that section the call or proposition in the case at bar must be measured.

This argument is not met by the provisions of section four above quoted. All proceedings in relation to the election and issuance of the bonds must be in accordance with the provisions of the act, so far as the provisions reach; but there is no provision regulating the notice to be given, the call to be issued, nor the manner of conducting the election. There is ample provision as to the presentation of the petition and the issuance of the bonds if the proposition be adopted. But as to other matters we are referred by the act itself to the law governing elections upon the subject of voting bonds by counties. This law says that "no vote adopting the question proposed shall be valid unless it likewise adopt the amount of tax to be levied to meet the liability incurred." The provision is mandatory and to it we must yield.

WRIT DENIED.

THE other judges concur.