ALFRED W. DOWNEY, APPELLEE, v. FRANK COYKENDALL, APPELLANT.

FILED MAY 7, 1908. No. 15,176.

1. **Police Judges: FEES: STATUTES: CONSTRUCTION.** Consistent statutes relating to the same subject, though enacted at different times, are to be construed as if enacted together and on the same date. So construed, section 34, ch. 28, Comp. St. 1907, imposing a penalty for the collection of excessive fees, applies to police judges.

2 **Consolidation of Actions.** Where persons who should have joined as plaintiffs in an action split their joint demand and bring separate suits, a motion to consolidate such suits under the provisions of section 150 of the code should be sustained.

3. **Fees: COMPLAINT: SEVERAL DEFENDANTS.** Statutes giving fees are to be construed strictly, and are not to be extended by implication. Where a complaint is filed against several persons, the same fees should be charged as if there were but a single defendant, until demand is made for separate trials; and then fees should only be charged for such extra duties as are necessarily caused by such separation.

4. **Police Judges: FEES: ACTION: DEFENSES.** A police judge sued under the provisions of section 34, ch. 28, Comp. St. 1907, for taking excessive fees may not justify the taking of such fees by showing that he acted under the direction of the prosecuting attorney.

`APPEAL` from the district court for Hamilton county: ARTHUR J. EVANS, JUDGE. *Reversed.*

*Hainer & Smith* and *Charles P. Craft,* for appellant.

*O. A. Abbott* and *J. H. Edmondson, contra.*

CALKINS, C.

The defendant was police judge of the city of Aurora on the 8th day of January, 1906, at which time a complaint was filed with him charging the plaintiff and seven other persons named with "maintaining a building wherein persons were unlawfully permitted to assemble for the purpose of drinking intoxicating liquors." The defendant thereupon issued a warrant for the plaintiff and the seven others charged with him, who were thereafter brought before the defendant as such police judge. One of the persons thus arrested demanded a separate trial, which was had, and which resulted in a conviction and the imposition of a fine of $50 and costs. Negotiations were then had for a settlement of the case, and it was finally agreed that four of the said eight persons should each plead guilty of disturbance of the peace, and should each be fined in the sum of $10, and that upon the payment of such fine and costs of proceedings such complaint should be dismissed. Pending the negotiations for this settlement the city attorney filed another complaint against 24 persons, including the plaintiff and the Aurora Commercial Club, charging them with a like offense; and still another complaint against the eight first complained of for disorderly conduct. When the settlement was effected, the defendant estimated the costs in all these cases at $175. He arrived at this estimate by treating the case of each individual defendant in each of said complaints as a separate and independent cause, and taxed costs as if there had been 40 separate cases. This amount of $175 was paid to defendant; but there is a dispute as to the manner of its payment, the defendant contending that he

received this amount in gross from the attorney for all the persons charged, without ascertaining the amount chargeable to any one individual, and, in fact, only estimating the total, with the understanding that, if when the costs were accurately ascertained such sum should be insufficient to liquidate the same, the parties making such payment should make good the deficiency, and if such sum should prove more than sufficient, the excess should be returned to him. On the other hand, the plaintiff contends that he paid to the defendant $20.75, being $10 fine and $10.75 costs, which he alleges was $5.78 in excess of the legal fees chargeable against him. This action was brought to recover such excess fees, and $50 penalty under section 34, ch. 28, Comp. St. 1907. The trial judge directed a verdict for the plaintiff in the sum of $53.50; and, from a judgment rendered upon this verdict, the defendant appeals.

1. The defendant contends that because the office of police judge did not exist at the time of the enactment of section 34, ch. 28, Comp. St. 1907, imposing a penalty for the collection of excessive fees, this section cannot be held to apply to such officers. This section, which was part of the Revised Statutes of 1866, provides: "If any officer whatever, whose fees are hereinbefore expressed and limited, shall take greater fees than are so hereinbefore limited and expressed, for any service to be done by him in his office, or if any such officer shall charge or demand and take any of the fees hereinbefore ascertained and limited, where the business for which such fees are chargeable shall not be actually done and performed, such officer shall forfeit and pay to the party injured fifty dollars, to be recovered as debts of the same amount are recoverable by law." The fees of justices of the peace were fixed by section 11 of the same chapter; and, when the law creating the office of police judge was enacted, it was provided that such officers should receive the same fees as a justice of the peace for similar services. Section 8 of the act relating to cities of the second class, laws 1879, p. 195. From

this time police judges were among the officers whose fees were, in the language of section 34, *supra,* "hereinbefore expressed and limited"; and, if this section had been thereafter enacted, there could be no doubt, not only that the spirit of its provisions applied to police judges, but such officers would have been in such case included in the literal terms of the language used. It is justly said that this statute is a penal one and must be strictly construed, and that it governs only those transactions which are both within its letter and spirit. In strict interpretation as in liberal the object is to ascertain the true legislative intent; and, where this is clear without interpretation, there is no room for the application of the rule that penal statutes are to be strictly construed. The question here presented is whether the law is to be understood as speaking at the present time and in reference to statutes now existing, or whether we must construe it as speaking in reference only to those matters included in contemporary statutes at the time of its enactment. We understand the doctrine to be that all laws of whatever different sorts and at whatever different dates established are to be construed together. Bishop, Statutory Crimes (3d ed.), sec. 86. Consistent statutes relating to the same subject, though enacted at different dates, are to be construed as if enacted together and on the same date. 1 Sutherland, Statutory Construction (Lewis, 2d ed.), sec. 283 *et seq.; Sales v. Barber Asphalt Paving Co.,* 166 Mo. 671, 66 S. W. 979; *Hendrix v. Rieman,* 6 Neb. 516; *Chicago, R. I. & P. R. Co. v. Zernecke,* 59 Neb. 698; *United States v. Nihol:* 4 McLean (U. S.), 23. Applying these principles to the statute under consideration, it follows that the same must be read with other statutes *in pari materia* as expressing the present legislative will. So interpreted there is no doubt about its meaning nor room for construction. A police judge is one of the officers whose fees are therein- before limited and expressed, and who is therefore within the literal terms as well as the spirit of the law imposing a penalty for the taking of excessive fees.

2. In the first cause of action stated in the plaintiff's petition, after alleging the official character of the defendant, the making of the complaint, the arrest of the plaintiff and the seven others included therein, and the separate trial of one, the allegations of the plaintiff were as follows: "And it was finally agreed that four of said eight persons named in said warrant and complaint should each plead guilty of disturbing the peace and should each be fined in the sum of ten dollars, and that upon payment of such fines and the costs against all of said eight persons all proceedings under said complaint and warrant should be dismissed; that in pursuance thereof said fine and costs were paid. Plaintiff further alleges that upon the return of the warrant the said Frank Coykendall, the defendant herein, as such police judge, without any warrant or authority of law therefor, docketed eight separate cases; that is to say, docketed one case against each of the eight persons named in said complaint and warrant, but did not docket any case against the said eight persons jointly. Plaintiff further alleges that said defendant as such police judge unlawfully charged and taxed against each of said eight persons a fee of 25 cents for docketing each case, making $2 in all for docketing one case, and unlawfully charged and taxed against each of said eight persons a fee of 50 cents for taking complaint, making $4 in all for taking one complaint, and unlawfully charged and taxed against each of said eight persons a fee of $1 for issuing said warrant, making $8 in all for issuing one warrant. Plaintiff further alleges that during the separate trial of said A. T. Parris, and before the case as against the other seven persons had been set for trial, the said Frank Coykendall, defendant, as such police judge pretended to make eight separate continuances in each of said cases not upon trial, and charged each of said seven other persons a fee of 50 cents for each continuance, making a charge of $3.50 against each of said seven persons for one continuance, and making $24.50 for said alleged continu-

ances. A transcript of said cause as docketed against this plaintiff is hereto attached, marked 'Exhibit C'; that is to say, the defendant was entitled to charge and tax against the said eight persons the following fees and no more, to wit:

Taking complaint ...............................$0.50
Issuing warrant ............................... 1.00
Docketing cause .............................. .25

    Total ...................................$1.75

"And that he did actually charge, tax, demand and receive the following sums for such services, to wit:

Taking complaint .....:.......................$4.00
Issuing warrant ............................... 8.00
Docketing cause .............................. 2.00
Eight continuances ($4) .....................$32.00

    Total ..................................$48.00

"Plaintiff further alleges that his part and portion of the legal costs as above set out amounted to the sum of 22 cents, and that the defendant unlawfully demanded and received from this plaintiff as his share of said costs the full sum of $6; that is to say, the defendant unlawfully charged and taxed against this defendant the sum of $5.78 in excess of the fees lawfully taxable, and this plaintiff paid the same on the 16th day of January, A. D. 1906, and plaintiff alleges that at the time the agreement was made in regard to paying fines and costs as above set out he had no knowledge of the charges so made, whereby and by reason of the premises an action has accrued to this plaintiff to have and recover of and from the said Frank Coykendall the full sum of $5.78 so unlawfully charged and received, with interest thereon from January 16, 1906, at the rate of 7 per centum per annum." The second cause of action contained the same allegations, but demanded judgment for the penalty of $50.

    The answer of the defendant, which is very voluminous, purports to set forth the services performed by the justice for each of the eight persons complained against in the

first case, and against the same persons in the case for disorderly conduct, and in the second complaint against the 24. It alleges a settlement by which the plaintiff in this action and three others were to plead guilty to a charge of disorderly conduct; that thereupon all other complaints should be dismissed at the cost of the defendants; and that the defendants' attorney pay $175, which was the estimated amount of all the costs, but which amount was subject to correction when the costs should be actually taxed.

It appears that the seven other persons complained of with the plaintiff had brought actions similar to this, which were pending in the same court, and a motion was made to consolidate this case with the other actions so brought. This motion was denied, and the refusal of the court to order such consolidation is one of the errors assigned. Whether this motion should have been sustained depends upon whether the costs paid were paid jointly or separately by each individual. Upon this question neither party seems to us to be entirely consistent in the respective arguments. The plaintiff contends that for the purpose of taxing costs a complaint against the eight should be treated as one case; but, when he brings his action for the penalty, he claims that each is a separate transaction. On the other hand, the defendant claimed the right while taxing costs to separate the complaints into as many actions as there were individuals complained of; but, when he is called to account for demanding excessive fees, he insists that the whole constitutes but one transaction. The right to consolidate must be determined by the allegations of the petition. The agreement therein set forth is that four of the eight persons charged should plead guilty to disturbing the peace, and each be fined the sum of $10, and "that, upon payment of such fines and the costs against all of said eight persons," proceedings under the complaint should be dismissed. This allegation treated the liability for costs as a joint one, which we think it was in fact and in law. Saving the one case

where a separate trial was had, each defendant was liable for all the costs. While one payment would satisfy the costs against all, no one of the defendants was entitled to have the same apportioned and pay his *pro rata* share. Had one defendant paid the entire costs, he might have maintained an action to recover any excess charged, and the penalty; but, since the respective shares of the defendant parties cannot be apportioned, it is necessary for all the parties participating in the payment to join in any such action. We think that the statute (code, sec. 150) is broad enough to cover a case where the persons who should have joined as plaintiffs in an action split their joint demand and bring separate suits, and that the motion should have been granted. We do not lose sight of the fact that according to the plaintiff's testimony his share of the costs was apportioned and that he paid the specific amount demanded of him by the defendant. In this, however, he was contradicted; and, if it were not reversed for the error in refusing to consolidate, the judgment of the district court would have to be set aside for its refusal to submit this question to the jury.

3. In a civil action against joint wrongdoers the judgment for both damages and costs is joint, and the whole may be collected from any one defendant. In criminal proceedings where the trial and conviction are joint, the better rule would seem to be that the judgment should be separate for the fines, but joint for the costs. The enforcement of this rule does not seem to us to involve any real difficulty in practice, and certainly none that calls for multiplying the fees by the number of the defendants jointly charged. Statutes giving fees are strictly construed, and are not to be extended by implication. It is against public policy to unnecessarily increase the costs of a prosecution, and it is well settled that, where a party makes unnecessary costs, they will be taxed against him. *State v. Saline County*, 18 Neb. 422. Where an officer himself performs his duty in such a way as to make unnecessary fees, they cannot, for the same reason, be taxed

as costs. Where a complaint is filed against several persons, only one warrant should ordinarily be issued; and, until a demand for a separate trial is made, only one case should be docketed. For the various steps taken in such a case the same fees should be charged as if there were but a single defendant, until demand is regularly made for separate trials, and then fees should only be charged for such extra duties as are necessarily caused by such separation. The fee allowed for a continuance should only be charged for actual and substantial postponement, and not for mere recess; nor for postponements because the justice is engaged in other business. A magistrate should exercise scrupulous care not to make unnecessary costs and expenses; and, whenever his right to charge a fee is doubtful, he should resolve that doubt against himself.

4. The defendant offered to prove that, when the city attorney filed the complaint in question, he requested the defendant to docket the case against each of the parties complained of and issue separate warrants for each. There was no error in excluding this evidence. The prosecutor had the power to decide whether he would file separate or joint complaints; but, when he has made his election, his discretion ends, and he had neither power nor authority to authorize the defendant to split one case into eight. No such direction, if made by him, would excuse the defendant. The prosecutor himself owes a duty not to make unnecessary costs. To do so intentionally is to be guilty of oppression, which was a crime at common law. Stephens, Digest of Criminal Law, art. 119. And it is not the less reprehensible because it is not penalized by statute.

We therefore recommend that the judgment of the district court be reversed and the cause remanded for further proceedings in accordance with this opinion.

FAWCETT and ROOT, CC., concur.

By the Court: For the reasons stated in the foregoing

opinion, the judgment of the district court is reversed and the cause remanded for further proceedings in accordance therewith.

REVERSED.