BANCROFT DRAINAGE DISTRICT, APPELLEE, v. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY, APPELLANT.

FILED MAY 4, 1918. No. 19949.

1. **Dismissal Without Prejudice After Remand.** A plaintiff, at any time before final submission, may dismiss his action without prejudice to a new action for the same cause. If the action has been removed to the federal court, and judgment for plaintiff in that court has been reversed by the circuit court of appeals and the cause remanded for further proceedings, and the federal trial court then dismisses the action without prejudice upon motion of plaintiff, such proceedings will not be a bar to a new action.

2. **Removal of Causes:** REDUCTION OF DEMAND. In such case, the plaintiff may reduce the amount of his claim, and so prevent another removal to the federal court.

3. **Drains:** BENEFITS: NOTICE: PUBLICATION. Section 1877, Rev. St. 1913, requires that the notice of the meeting of the directors of a drainage district to apportion benefits shall "be inserted for at least one week in a newspaper published at the county seat." *Held*, that such notice must be published during an entire week immediately before the time specified for the hearing.

4. ——: ——: ——. When publication is required for one week, and the notice is for a time less than one week after the week for which publication is made, it is immediately before the hearing within the meaning of this rule.

5. ——: ——: ——. These requirements are complied with by publication in a weekly paper on the 3d day of September, of notice of meeting to be held at 8 o'clock in the morning of the 11th, although the paper is also published on the 10th.

6. ——: DRAINAGE DISTRICT: ASSESSMENT: LIENS. The provision of section 1888, Rev. St. 1913, that a list of the tracts of land assessed shall be returned to the county clerk, enables the district to fix a lien upon lands of the district generally, and provides a means of collecting the tax. The section also provides that assessments against public corporations and railroad companies may be presented as other claims are. If not paid when so presented, they may be collected by suit.

APPEAL from the district court for Cuming county: ANSON A. WELCH, JUDGE. *Affirmed.*

*A. A. McLaughlin, Wymer Dressler,* and *Lyle Hubbard,* for appellant.

*P. M. Moodie* and *O. C. Anderson, contra.*

SEDGWICK, J.

Plaintiff brought this action in the district court for Cuming county to recover an assessment against the defendant. From a judgment in the plaintiff's favor, the defendant has appealed.

The defendant concedes that the organization of the district was regular, and contests the validity of the assessment upon two grounds: That the apportionment of benefits against the defendant was invalid because

Vol. 102]     JANUARY TERM, 1918.          457

Bancroft Drainage District v. Chicago, St. P., M. & O. R. Co.

of the insufficiency of the notice of the action of the board in apportioning the benefits; and because the assessment was not certified to the county clerk and spread upon the tax list of that county. The defendant also relies upon a judgment of the federal court of appeals as a bar to this action.

1. The assessment against the defendant amounted to more than $2,000, and the plaintiff began an action in the district court of the state, and upon application of the defendant the cause was removed to the federal court. Upon trial in that court, before the Honorable W. H. Munger, a judgment was rendered in favor of the plaintiff, and upon writ of error to the United States circuit court of appeals, the judgment was reversed on the ground that the notice of the meeting of the board for the apportionment of benefits was insufficient under our statute; two judges of that court agreeing to the reversal, and one judge dissenting. *Chicago, St. P., M. & O. R. Co. v. Bancroft Drainage District.* 219 Fed. 103. This illustrates the difficulty and importance of the construction of our various statutes upon the question of service by publication of notice; four eminent federal judges, in whom we have great confidence, have passed upon the question, two holding that the notice in question was insufficient, and two considering the notice sufficient.

After the circuit court of appeals had reversed the decision of the lower court and remanded the cause for further proceedings therein, the trial court, upon plaintiff's motion, dismissed the case without prejudice to a future action. The plaintiff then began this action in the district court for Cuming county asking judgment for $1,999 and interest. The defendant pleaded the judgment of the circuit court of appeals as a bar to this action, and now contends that the judgment of that court was a final disposition of the plaintiff's claim.

Our statute provides: "An action may be dismissed without prejudice to a future action: First. By the plaintiff, before the final submission of the case to the jury, or to the court where the trial is by the court." Rev. St. 1913, sec. 7654. This right exists after a judgment upon the merits has been reversed by an appellate court, and the cause remanded for further proceedings. *Illinois C. R. Co. v. Bentz,* 108 Tenn. 670, 58 L. R. A. 690; *Young v. Southern Bell Telephone & Telegraph Co.,* 75 S. Car. 326, 7 L. R. A. n. s. 501, and note; *Baltimore & Ohio R. Co. v. Larwill,* 83 Ohio St. 108, 34 L. R. A. n. s. 1195, and note. After such dismissal in the federal courts, the plaintiff may prosecute an action in the state court for less than $2,000, and so prevent another removal to the federal court. *McIver v. Florida C. & P. R. Co.,* 110 Ga. 223, 65 L. R. A. 437.

2. Section 1877, Rev. St. 1913, provides: "A notice shall be inserted for at least one week in a newspaper published at the county seat, stating the time when, and the place where, the directors shall meet for the purpose of hearing all parties interested in the apportionment of benefit by reason of the improvement." A notice was published in a weekly newspaper on the 3d day of September, 1909, that the board would act in the matter on the 11th day of September. The 10th of September was also a regular publication day of the paper, but no publication of the notice was inserted on that day. The contention is that, under this statute, the notice must be published for and during the week immediately preceding the action of the board, and as more than a week intervened between the publication of the notice and the action of the board, and in the meantime the paper was published on the 10th day of September, the statute was not complied with. It is universally held that, when jurisdiction of a party is to be obtained by publication of a notice, the statute allowing such service must be strictly complied with.

In *State v. Hanson,* 89 Neb. 724, 737, it is said: "It is apparent that the phrases, 'shall publish a notice once each week for three weeks,' and 'a notice shall be given for three weeks by publication,' have different meanings. In the first 'for three weeks' limits the number of publications, and in the other phrase 'for three weeks' fixes the period of time during which the publication must be made." The plaintiff contends that this language is applicable to the case at bar. In that case, the requirement was that the notice shall be published "once each week for three weeks." In the case at bar, the requirement is that the notice "shall be inserted for at least one week." If this difference in the language distinguishes the cases, and we hold that in this case the statute "expresses the duration of the notice," it becomes necessary to consider whether this statute has been strictly complied with. Publication "for one week" means during one week. *Lawson v. Gibson,* 18 Neb. 137. In *Leavitt v. Bell,* 55 Neb. 57, it is said that it is held in *Lawson v. Gibson, supra,* "that the notice must be published during the thirty days immediately preceding the date of sale."

If we consider that the week "for" which it was published was the day on which it was published and the next succeeding six days, then the week began at midnight after September 2, and ended at midnight after September 9, and, as the meeting of the board was on the 11th, one whole day intervened. Our statute provides: "The time within which an act is to be done as herein provided, shall be computed by excluding the first day and including the last." Rev. St. 1913, sec. 8570. If we exclude the first day of publication and include the seventh day thereafter, the week for which it was published ended at midnight after the 10th, and the morning of the 11th was the earliest time that the meeting could be held.

If we say that the week "for" which the publication was made began at the precise minute when the paper

was published and ended the same minute of the seventh day thereafter, we have this condition to contend with. The facts upon which the trial court determined the action were stipulated by the parties. From this stipulation, it appears that the paper containing this notice was published before noon of the 3d day of September, and that the published notice specified that the meeting of the board to determine the apportionment of benefits would be held at 8 o'clock in the forenoon of the 11th day of September. Thus, the notice was for more than seven days and for less than eight days. If the meeting had been held at the same hour of the 10th day of September, the notice would not have been published for a week of seven entire days before the meeting. So that, although the notice was published for one week, the board could not hold their meeting under such notice at any time other than the afternoon of the 10th day of September. Perhaps the argument would carry us still farther. If, because a part of a day intervenes between the completion of the publication and the action of the board, the notice must be held to be insufficient, it might be difficult to determine how much time might intervene between the completion of the publication and the action of the board, and still the notice be sufficient. If the notice was published at a given hour, say 11 o'clock in the forenoon of the 3d day of September, must the board convene precisely at 11 o'clock of the 10th day of September? Would two hours delay for luncheon, and the calling of the meeting for 1 o'clock in the afternoon of the 10th, have been fatal? Webster's New International Dictionary says that "immediately" is "opposed to mediately, * * * without intervention of any person or thing." The statute deals with weeks. The notice must be inserted for at least a week. If a week had intervened between the time for which the notice was inserted and the time of hearing, it might perhaps with reason be contended that there had been an intervention of a thing regarded by the statute as

substantial in such matters. If less than a week's time intervening would prevent the publication from being considered immediately prior to the action of the board, it might be difficult to say whether the intervention of a day or an hour would be sufficient. It seems clear that the law, which does not care for trifles, would consider that this notice was published for a week immediately preceding the time specified in the notice for the meeting.

The question is not free from difficulties. The argument that, one publication day having passed and the paper having been published on that day without this notice, it cannot be said that the publication was continued to the time of the meeting is worthy of consideration.

Our conclusion is that, under the rule of the statute to exclude the first day in computing time, it is more reasonable to hold that the week for which the notice was inserted in the paper was immediately before the time fixed for the meeting of the board within the meaning of our former decisions.

3. Section 1888, Rev. St. 1913, provides a method for the collection of assessments against the lands generally of the district. It requires that a list of such tracts shall be returned "with the amounts of money chargeable to each * * * to the county clerk of each county, where lands are located, who shall place the same on the duplicate tax lists against the lands and lots so assessed." It then provides that the proper officers shall collect such assessments as other taxes on realty, and that the assessment shall be a lien upon the real estate until paid. It then contains a provision applying to this defendant, as follows: "The drainage district may file claims against any county, city, village, railroad company, or other corporation, private or public, for the share of any annual apportionment to be paid by any such corporation, and if the same is not paid, it may be recovered by action in court." This

seems to be a plain provision that assessments against public corporations and railroad companies may be presented as other claims are presented. If not paid, they may be sued for. There doesn't seem to be any merit in this contention.

The judgment of the district court is

AFFIRMED.