LOGAN I. GRAY, APPELLANT, V. AUGUST BURDIN ET AL.,
APPELLEES.

FILED NOVEMBER 16, 1933. No. 28916.

*Gerald E. LaViolette,* for appellant.

*Prince & Prince, Brome & Thomas* and *G. H. Seig,* contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and SHEPHERD, District Judge.

EBERLY, J.

This is an action prosecuted by the plaintiff Gray against the defendant Burdin and another under the workmen's compensation act of Nebraska. From an order allowing compensation entered in the department of labor, the defendants appealed to the district court for Hall county, where on hearing *de novo* the plaintiff's petition was denied. He now appeals to this court.

In this proceeding the plaintiff Gray's petition filed with the department of labor on December 14, 1932, sets forth as the basis of recovery certain accidental injuries suffered by him on February 24, 1928, arising out of and in the course of his employment by the defendant August Burdin resulting from the breaking of a scaffold in St. Mary's Cathedral at Grand Island, Nebraska. The allegations of this petition descriptive of the injuries for which recovery was sought are as follows: "That about 5 p. m. on February 24, 1928, while plaintiff was at·work on said

scaffold, standing immediately above the supports thereof, the plank on which he stood, which was a part of said scaffold, broke in two at or about the center thereof, causing plaintiff to be thrown down upon the floor, and to 'fall upon a heavy iron paint bucket with great force and violence. That in consequence of the violence and force of his fall plaintiff was rendered intermittently unconscious for a period of two hours thereafter; sustaining, along with a severe shock to his whole nervous system, a transverse fracture of the 11th rib, and a fracture of the 6th, 7th and 8th ribs; fragments of said broken ribs puncturing the plaintiff's lung; a severe contusion and' sprain of the left shoulder, resulting in rebrachial neuritis of the left arm. The plaintiff was confined to a hospital for 25 days, during which time he suffered continuous and excruciating pain and a great loss of blood, and that ever since the date of said accident the plaintiff has been and is now unable to perform any work. The plaintiff has suffered from loss of sleep, lost much weight and has been almost continuously under the care of a physician. That plaintiff's injuries are permanent; that he will continue to suffer pain and loss of sleep in the future. * * * That prior to said accident the plaintiff was an able-bodied man, in good health, and earning $45 per week."

Among the defenses tendered by the defendants was that of *res judicata*, viz., that a previous judgment or final order was entered in a proceeding had in the department of labor on or about March 3, 1932, between the plaintiff herein and this defendant based on the same injuries now in suit; and after a hearing on the merits plaintiff's claim for relief had been therein denied and his action dismissed; and that this adjudication still remains in full force and effect.

This defense, as well as others tendered by defendants, was in effect overruled by the representative of the department of labor by his judgment and finding awarding compensation to plaintiff for the period of 93 weeks at $15 each week from and after November 5, 1932, and there-

after the still further sum of $12 each week for the remainder of his life or until total disability shall have ended.

The question of *res judicata* appears to be the controlling issue in this case. The record before us discloses that on October 30, 1931, plaintiff herein filed a petition in the department of labor, which, so far as the description of the injuries sustained is concerned, is in language substantially identical with that contained in his petition filed in the department of labor on December 14, 1932. The allegations of this petition first filed were put in issue by suitable pleadings on behalf of defendants, and after a hearing on the merits the representative of the department of labor on or about the 3d day of March, 1932, entered a final order or judgment in writing in said cause finding:

"That the disability of which plaintiff now complains is not the result of an accident arising out of and in the course of his former employment by the defendant August Burdin, and that his petition should therefore be dismissed."

In accordance with the foregoing finding a dismissal was duly entered. Plaintiff sought to appeal, but failed in his compliance with the statute regulating appeals, so the judgment thus entered remains in full force and effect.

It is to be observed that the issues as made up by the pleadings on the subject of nature and extent of the injuries alleged are substantially identical in the two cases to which reference has been made.

Our statute provides: "Every order and award of the compensation commissioner shall be binding upon each party at interest," until an appeal is perfected as provided therein. Comp. St. 1929, sec. 48-157. See, also, sections 48-137 and 48-139, Comp. St. 1929.

"There is no rehearing. Recourse is appeal to higher courts." Gant, Procedure Under Workmen's Compensation Law of Nebraska, p. 46.

It is obvious that our compensation statute contemplates that the final order entered by the compensation commissioner shall as between the parties thereto have the full force and effect of a judgment, except in so far as expressly modified by the terms of the act itself. The conclusion follows that proceedings before the representative of the Nebraska department of labor being wholly statutory, the authority of the department and its representatives is limited to that granted by the compensation act, and the compensation commissioner has no authority, after denying compensation, to review such decision upon the filing of another petition, substitute another decision in its stead, or ignore his previous determination and allow compensation upon a cause of action theretofore examined and denied by him, on the ground that such former decision was erroneous. This conclusion finds support in the precedents found in other jurisdictions. *Centralia Coal Co. v. Industrial Commission*, 297 Ill. 451; *Stromberg Motor Device Co. v. Industrial Commission*, 305 Ill. 619; *Salt Lake City v. Industrial Commission*, 61 Utah, 514.

Such conclusion necessarily supports the further contention of appellees in the instant case, viz., that the order of March 3, 1932, denying compensation to plaintiff must be deemed a judgment or decree in the technical sense of these terms; and that such decree, except in so far as modified by the express terms of our compensation act, is an absolute bar to a subsequent action based upon the same cause of action. *Naud v. Kind Sewing Machine Co.*, 159 N. Y. Supp. 910; *Moffitt v. Reed*, 124 Neb. 410; *School District D v. School District No. 80*, 112 Neb. 867; *Southern P. R. Co. v. United States*, 168 U. S. 1; *Turner v. Columbia Fire Ins. Co.*, 96 Neb. 98; *State v. Broatch*, 68 Neb. 687; *Hanson v. Hanson*, 64 Neb. 506; *Roller v. Murray*, 71 W. Va. 161, L. R. A. 1915F, 984.

The judgment of the district court dismissing plaintiff's action and denying compensation is correct, and is

AFFIRMED.