ALBERT D. CHILEN, APPELLEE, v. COMMERCIAL CASUALTY INSURANCE COMPANY, APPELLANT.

283 N. W. 366

FILED JANUARY 13, 1939. No. 30450.

*C. L. Clark* and *H. A. Ronin,* for appellant.

*J. W. Kinsinger, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ.

EBERLY, J.

This is an action by plaintiff upon an award of compensation against the defendant who was the insurance carrier for plaintiff's employer, Krause Cornice & Roofing Company, at the time plaintiff's injuries were sustained. The action seeks to enforce the insurance contract issued by this defendant, which contained the agreement of the insurer, that "it will promptly pay to the person entitled to same all benefits conferred by this act (the Nebraska workmen's compensation act), and all instalments of the compensation that may be awarded or agreed upon. * * * Such agreement shall be construed to be a direct promise by the insurer to the person entitled to compensation enforceable in his name." Trial to the district court, a jury being waived, resulted in a finding that plaintiff was entitled to have and recover "the forty weekly instalments of compensation awarded to plaintiff in the award entered

April 12, 1933, which are now unpaid and delinquent," and a judgment was entered therefor in the sum of $624.45, with interest, and costs, and attorney fees ultimately taxed at $200. From the order of the trial court overruling its motion for a new trial, defendant insurance company appeals.

The course of events preceding this judgment appealed from include the following, viz.: The plaintiff, an employee of the Krause Cornice & Roofing Company, suffered an accident on March 10, 1930, arising out of and in the course of his employment. In September, 1930, his employer filed a petition before the compensation commissioner of the state of Nebraska for the determination as to the amount of permanent disability of Chilen. This petition alleges that injuries suffered by plaintiff consisted of "a communite fracture of the right os calcis," and that at the time of his accident he was receiving $36 a week. The award made upon hearing of this petition was that Chilen was "temporarily totally disabled from and after the 10th day of March, 1930, and to and until the 16th day of July, 1930," and thereafter partially disabled until the 20th day of October, 1930; that Chilen has been paid compensation at the rate of $15 for each week during the period of temporary total disability and at the rate of $5 a week from and including the 16th day of July, 1930, to and including the 30th day of August, 1930, and that Chilen was entitled to seven weeks additional payments of compensation at $5 a week from August 30 to October 20, 1930, on account of temporary partial disability. There is a further finding that Chilen had sustained a partial permanent loss of use of his right foot to the extent of 20 per cent. thereof, for which he was awarded additional payments of $15 a week for a period of 30 weeks from and after the 20th day of October, 1930.

On September 4, 1931, plaintiff Chilen filed a second petition for compensation with the compensation commissioner of the state of Nebraska, based on the accident of March 10, 1930. In this pleading the Krause Cornice &

Roofing Company and the Commercial Casualty Insurance Company are named as defendants. It alleges in part:. "Nature and extent of injury: Injury to both feet, including fracture of bones of right heel, injury to back and to lumbar vertebræ. Extent and nature of injury, except to right heel, unknown to claimant until August 20, 1931. Injury progressive, culminating in total disability about August 1, 1931."

. Upon a hearing on this petition, at which evidence was introduced, on April 12, 1933, an award was entered and made by the chief deputy compensation commissioner whereby it was determined that plaintiff at the time of his injury was employed by G. C. Krause and W. A. Krause, doing business as Krause Cornice & Roofing Company, only, and it was further "ordered, adjudged, and decreed that plaintiff shall have and recover from the defendants, jointly and severally, compensation at the rate of $14.40 each week from and after the 27th day of February, 1933, for a period of 300 weeks, less the number of weeks for which plaintiff has been compensated for total disability, as and for a 60 per cent. partial permanent disability to plaintiff." This award was not appealed from.

Under the terms of the compensation act then in force, between the parties this order so entered is to be regarded as having the force and effect of a judgment except so far as expressly modified by the terms of the act itself. *Gray v. Burdin*, 125 Neb. 547, 250 N. W. 907.

In the construction of this order, however, it is to be noted that there is no allegation in this second petition, nor finding in the award thus entered thereon, that the Commercial Casualty Insurance Company was the insurance carrier of the Krause Cornice & Roofing Company when plaintiff's injuries were received. Against the insurance company no liability whatever is pleaded, nor in the award are there any findings of fact on which such liability may be based. The award refers to the insurance company, if at all, only in the use of the words "the defendants," without other description or designation. The insurance com-

pany was not a party to the first hearing of this cause, nor named in the award entered therein, nor is it a necessary party to the second award. Query: In this situation, can there be said to be a valid award against the insurance company entered on April 12, 1933, and has it any liability save and except the provisions of its bond in suit herein? *Sipple v. Haltom*, 86 Ind. App. 432, 158 N. E. 486; *Morsch v. Besack*, 52 Neb. 502, 72 N. W. 953; *Foster & Smith Lumber Co. v. Leisure*, 3 Neb. (Unof.) 237, 91 N. W. 556.

Still later, the record discloses that on September 30, 1936, Chilen filed in the workmen's compensation court of the state of Nebraska his petition against Krause Cornice & Roofing Company and the defendant insurance company, for "modification of award and for further compensation," based wholly on the injuries received by him in the accident of March 10, 1930, and set out at length their progressive development thus far. Plaintiff alleged therein that his disabilities have become, since the entry of the last award (April 12, 1933), and now are, total and permanent within the meaning of the workmen's compensation act of this state. The prayer of this petition is that the awards heretofore entered in his favor be modified as by statute provided, and that a further award be entered finding that plaintiff has become, and now is, totally and permanently disabled, etc. To this, the defendants named filed their joint answer, which, in addition to a general denial, and among other matters pleaded, expressly and specifically denied any increase of disability now suffered by the plaintiff as attributable to the injuries received by him in the accident of March 10, 1930; pleaded their full performance and payment of the conditions of the awards heretofore entered in plaintiff's favor; and prayed that plaintiff's petition for modification of award and for further compensation, filed September 30, 1936, be dismissed and that they go hence without day, but prayed for no affirmative relief. On May 10, 1937, after reception of evidence, and hearing on the merits before Frank M. Coffey, one of the

judges of the Nebraska compensation court, an order was entered sustaining the contentions of defendants and dismissing plaintiff's petition. On May 22, 1937, plaintiff filed in the compensation court in said cause his written waiver of rehearing in the above cause before the Nebraska workmen's compensation court, and of his election to appeal directly to the district court for Lancaster county, Nebraska. Thereupon, in the manner provided by law, such appeal was perfected and filed in the district court for Lancaster county, and issues joined therein by the parties thereto. On June 19, 1937, upon written motion of Chilen, this action and proceeding for modification and for further compensation instituted by plaintiff in the compensation court by petition filed September 30, 1936, now pending on appeal, was, by the district court for Lancaster county, Nebraska, dismissed without prejudice to any future action or proceeding by plaintiff for relief.

Under the terms of the insurance policy, first quoted herein, the theory of plaintiff set forth in his petition in the instant case is fully sustained, and his action properly instituted against the insurance carrier. It is, in effect, an action on the statutory bond executed by the insurance company.

Preliminary to the discussion of the specific assignments of error, it is to be noted that in the instant case there are presented injuries which are latent and progressive in character. As to such injuries, this court has announced the doctrine, viz.: "Where an employee is accidentally injured, and such injury is latent and of a progressive nature, and subsequently culminates in a compensatory disability, a claim for such injury under our employers' liability act may be filed with the compensation commissioner at any time within one year after the culmination thereof." *City of Hastings v. Saunders*, 114 Neb. 475, 208 N. W. 122. See, also, *Selders v. Cornhusker Oil Co.*, 111 Neb. 300, 196 N. W. 316; *McGuire v. Phelan-Shirley Co.*, 111 Neb. 609, 197 N. W. 615; *Collins v. Casualty Reciprocal Exchange*, 123 Neb. 227, 242 N. W. 457.

In the present case the effect of the accident of March 10, 1930, was to inflict on Chilen two independent, unconnected, and unrelated injuries,—an injured right foot which was discovered at once, and an injury to his back which was latent and progressive, and the existence of which was evidently unknown when the first award of compensation was made, and was not really discovered and determined until after the first award had been complied with. It is the last situation that we are exclusively concerned with in the instant proceeding.

Appellant contends that on the face of the record the order entered by the workmen's compensation court of May 10, 1937, has never been "reversed or modified upon appeal," and still remains "conclusive" on all parties to the litigation. This is founded on the provisions of section 48-174, Comp. St. Supp. 1937, which are, viz.: "4. * * * the court shall assign one of the judges of said court to hear the cause and make such findings, and such orders, awards or judgments as said court or judge is authorized by law to make, and such findings, orders, awards and judgments shall be signed by the judge before whom such proceedings were had. When proceedings are had before a judge of said court, his findings, orders, awards and judgments shall be conclusive upon all parties at interest unless reversed or modified upon appeal as hereinafter provided." In this connection appellant's contention is that a dismissal without prejudice entered in the district court on appeal is not a reversal or modification of this order contemplated by the terms of this enactment. The provisions quoted formed a part of section 13 of chapter 57 of the Session Laws of Nebraska for 1935. In consideration of the proposition here presented, we are committed to the view that, "In determining the intention of the legislature, all provisions of the statute bearing upon the point in dispute should be taken into consideration and given due weight." *City of Lincoln v. Janesch,* 63 Neb. 707, 89 N. W. 280. See, also, *State v. City of Lincoln,* 68 Neb. 597, 94 N. W. 719; *Follmer v. Nuckolls County,* 6 Neb. 204. In addition, we have

adopted as a principle of statutory construction, the following: "All statutes *in pari materia* must be taken together and construed as if they were one law." *Hendrix v. Rieman,* 6 Neb. 516. See, also, *State v. Babcock,* 21 Neb. 599, 33 N. W. 247; *State v. Omaha Elevator Co.,* 75 Neb. 637, 106 N. W. 979; *Downey v. Coykendall,* 81 Neb. 648, 116 N. W. 503.

With these principles in mind, we find in section 48-157, Comp. St. Supp. 1935, originally enacted as section 36 of chapter 57 of the Session Laws of Nebraska for 1935, the following, viz.: "Every order and award of the compensation court *shall be binding upon each party* at interest unless notice of intention to appeal to the district court has been filed with the compensation court within fourteen days following the date of rendition of the order or award: Provided, that the order or award shall be binding and final, notwithstanding notice of intention to appeal has been filed within the time limit, until the appeal has been perfected and service had upon the opposite party or parties." (Italics supplied.)

We appreciate the requirement that the two provisions last quoted are to be harmonized and each enforced if possible. But, if an irreconcilable conflict exists, the accepted rule in this jurisdiction is: "Where different parts of the same statute are in irreconcilable conflict, the last words stand, and those in conflict therewith are disregarded." *Van Horn v. State,* 46 Neb. 62, 64 N. W. 365. See, also, *Albertson v. State,* 9 Neb. 429, 2 N. W. 892; *Omaha Real Estate & Trust Co. v. Kragscow,* 47 Neb. 592, 66 N. W. 658.

"In accordance with the principle that the last expression of the legislative will is the law, in case of conflicting provisions in the same statute, or in different statutes, the last in point of time or order of arrangement prevails." 59 C. J. 999.

But the following also forms a part of section 48-174, Comp. St. Supp. 1937, as applicable after hearing and determination of a cause in the compensation court before a single judge or commissioner, viz.: "Provided, however,

that in any case the employer or the injured employee or his dependents, as the case may be, may waive rehearing before the compensation court and in such case any appeal shall be directly to the district court of the county in which the accident occurred; * * * which court shall have the authority to hear and determine the cause as in equity, when the same *for all purposes* shall be tried as one in equity; and that said appeal to the district court shall be taken and perfected in the same manner as provided for appeals to the compensation court, and in such cases the trial in the district court shall be a trial *de novo*." (Italics supplied.)

Our Civil Code provides: "Where, by general or special statute, a civil action, legal or equitable, is given and the mode of proceeding therein is prescribed, this Code shall not affect the proceedings under such statute, until the legislature shall otherwise provide; but in all such cases, as far as it may be consistent with the statute giving such action, and practicable under this Code, the proceedings shall be conducted in conformity thereto. Where the statute designates by name or otherwise the kind of action, but does not prescribe the mode of proceedings therein, such action shall be commenced and prosecuted in conformity to this Code; where the statute gives an action, but does not designate the kind of action, or prescribe the mode of proceeding therein, such action shall be held to be the civil action of this Code and proceeded in accordingly." Comp. St. 1929, sec. 20-2226.

Here, by the terms of the compensation law, a civil action equitable in nature is established and jurisdiction to try the same *de novo* on appeal is vested in district courts. The statute designates the nature of the action in the district court and is silent as to procedure therein except to prescribe that it shall be a trial *de novo*, and as in equity. All of the provisions of our Civil Code are applicable and controlling, as they are in any other civil action equitable in nature. This includes the right of the plaintiff during the pendency of the proceeding to dismiss his action without

prejudice before final submission to the court. Comp. St. 1929, sec. 20-601.

Indeed, this seems to be the effect on the decree appealed from, apart from statute: "As to the force and effect of a judgment pending proceedings for review, aside from controlling influence of positive statute, this distinction is to be observed; where the proceeding is one in which the cause is retried as upon original process, the judgment is vacated, but if the proceeding is in the nature of an ancient writ of error, merely requiring a review of errors and an affirmance of the judgment, or a reversal and remanding for further trial, the judgment of the lower court is not vacated, but merely suspended. Hence, if a statutory remedy by appeal provides for a complete trial *de novo* in the appellate court, or it expressly so provides, the perfection of the proceeding usually operates to vacate the judgment of the court below." 4 C. J. S. sec. 611. See, also, *Stalbird v. Beattie,* 36 N. H. 455; *Fort v. Fort,* 118 Tenn. 103, 101 S. W. 433.

The conclusion, so far as express legislative intent is indicated, is in harmony with the form of the statute here involved. The right of direct appeal to the district court, as provided in our compensation act, is embraced in a proviso, of which the language first quoted above, upon which appellee relies, constitutes no part. The accepted rule of construction is: "A proviso is a clause engrafted on a preceding enactment for the purpose of restraining or modifying the enacting clause, or of excepting something from its operation which otherwise would have been within it." 59 C. J. 1087. Therefore, a proviso prescribing a trial *de novo* in equity, and thus necessarily implying the right of dismissal without prejudice *pendente lite,* as an exception to the statute, would manifestly be controlling as here applied. *Ford v. Boyd County,* 111 Neb. 834, 197 N. W. 953.

It follows that the dismissal without prejudice entered in the district court for Lancaster county on motion of the plaintiff was proper and did not operate to reinstate the order or award appealed from, and that the award of April

12, 1933, so far as unperformed, remains in full force and effect. *Eden Musee Co. v. Yohe,* 37 Neb. 452, 55 N. W. 866; *Bancroft Drainage District v. Chicago, St. P., M. & O. R. Co.,* 102 Neb. 455, 167 N. W. 731; *Blue River Power Co. v. Hronik,* 116 Neb. 405, 217 N. W. 604.

On the merits of the present action, defendant claims the award upon which plaintiff's present action is based is erroneous and excessive, in that appellant was not credited with the payments for partial disability made prior to the entry of the award here in suit. Whether payment made of partial temporary disability occasioned by the injured foot before the latent injuries in the back had been discovered are required to be credited on an award for permanent disability of the latter is certainly, under the facts in this case, a serious question which we are not called upon to determine. The terms of the award here in suit embraced a period of 300 weeks, less the number of weeks for which plaintiff had. been compensated for total disability as and for 60 per cent. permanent disability. It is not questioned that the district court gave due credit as required and limited by the express terms of this award in suit. After such credit had been given there remained 40 payments of $14.40 each unpaid, for which judgment was rendered. Appellant's claims of error all arise prior to the entry of the award and existed when it was made. Under the terms of the statute, the award here in suit had the force and effect of a judgment between the parties in interest. *Gray v. Burdin,* 125 Neb. 547, 250 N. W. 907; Comp. St. 1929, sec. 48-157. It is expressly by statute made binding upon the insurance carrier and may not be by it collaterally assailed. Comp. St. Supp. 1937, sec. 48-147; *Beadle v. Harmon,* 130 Neb. 389, 265 N. W. 18; *Heald v. Polk County,* 46 Neb. 28, 64 N. W. 376.

As to plaintiff's claim that the order of the district court retaxing the attorney fees and allowing the same in the sum of $200 constituted an excessive allowance, the transcript discloses that evidence was submitted to the trial court at this hearing, which is not embodied in the bill of

exceptions as allowed and settled by that court. Under these circumstances, the question of fact involved is not for our consideration. "In the absence of a bill of exceptions, a finding of fact, or ruling upon a motion, based upon evidence, will be presumed to be supported thereby." *Travelers Ins. Co. v. Sawicki,* 122 Neb. 108, 239 N. W. 726. See, also, *State v. State Bank of Ravenna,* 127 Neb. 338, 255 N. W. 549.

It follows that the judgment of the district court is correct, and it is

AFFIRMED.