JONATHAN A. BRIDGER, APPELLANT, v. LINCOLN FEED & FUEL COMPANY, APPELLEE.

FILED NOVEMBER 10, 1920. No. 21626.

1. **Master and Servant:** WORKMEN'S COMPENSATION ACT: CASUAL EMPLOYEE. Under the workmen's compensation act, an employee whose employment is "casual" is not entitled to compensation from his employer for personal injuries. Rev. St. 1913, sec. 3656, as amended by Laws 1917, ch. 85, sec. 4.

2. ———: ———: ———. The term "casual," as used in that part of the workmen's compensation act precluding an employee whose employment is casual from recovering from his employer compensation for personal injuries, is defined by the act itself to mean "occasional; coming at certain times without regularity, in distinction from stated or regular," and should be so construed in applying the statute.

3. ———: ———: ———. An employee unloading cars of coal for 25 cents a ton at irregular intervals under a separate employment for the unloading of each particular car *held*, on the facts stated in the opinion, to be a person whose employment was "casual," and not entitled to compensation for personal injuries.

APPEAL from the district court for Lancaster county: ELLIOTT J. CLEMENTS, JUDGE. *Affirmed.*

*R. J. Greene* and *Hugh C. Wilson,* for appellant.

*F. C. Foster, O. K. Perrin* and *S. M. Kier, contra.*

ROSE, J.

This is a proceeding under the workmen's compensation act. Plaintiff's right hand was crushed February 24, 1920, and his third finger severed therefrom, while he was unloading for defendant a car of coal for 25 cents a ton. He applied to the compensation commissioner for an award for his injuries, and was allowed therefor $15 a week for 20 weeks and in addition $7.50 a week for 9 weeks for medical expenses. From this award defendant appealed to the district court, where it was held that plaintiff was not entitled to compensation for his injuries. From a dismissal of the proceeding he has appealed.

The question presented by the appeal is the applicability of the workmen's compensation act to plaintiff's claim.

Defendant pleaded that the employment of plaintiff was "casual," and that therefore he is precluded from recovering compensation by the following statutory provisions relating to the term "employee:"

"It shall not be construed to include any person whose employment is casual, or not for the purpose of gain or profit by the employer, or which is not in the usual course of the trade, business, profession or occupation of his employer. The term 'casual' shall be construed to mean 'occasional; coming at certain times without regularity, in distinction from stated or regular.' " Rev. St. 1913, sec. 3656, as amended by Laws 1917, ch. 85, sec. 4.

For the purposes of this inquiry "casual" must be thus construed, and the facts may be stated as follows: Plaintiff began to unload a car of coal for defendant February 21, 1920, and finished the task the next day. He began to unload another car February 23, 1920, and was injured the following day before he had removed all of the coal. For these services he was paid $20 by check of defendant, being

25 cents a ton. About a week earlier plaintiff had unloaded a car of coal for defendant in the same yards. During a year's time previously he had unloaded three or four cars and received 25 cents a ton. He was entitled to his pay when he unloaded a car, and could then get it if he could find defendant's manager at the time. Plaintiff in each instance was employed to unload a particular car of coal. Between jobs he sometimes stayed around defendant's yards, and when a car of coal came in he asked for the unloading, was told the price, and performed the service, but during some of the intervals he had worked for others. There is competent evidence of these facts, and they are established for the purpose of the appeal by the finding of the district court in favor of defendant.

Was the employment of plaintiff "casual?" The legislature defined that word as used in the workmen's compensation act. In the provision quoted it means "occasional; coming at certain times without regularity, in dinstinction from stated or regular." This statutory definition is plain, and plaintiff's employment by defendant was within its terms. The evidence shows clearly that plaintiff's employment was "occasional; coming at certain times without regularity, in distinction from stated or regular." The trial court so held, and the judgment is

AFFIRMED.

DEAN, J., not sitting.