CARL J. NOSKY, APPELLEE, V. FARMERS UNION COOPERATIVE ASSOCIATION, APPELLANT.

FILED DECEMBER 30, 1922.  No. 22966.

1.  **Jury:  WORKMEN'S COMPENSATION ACT:  CONSTITUTIONALITY.** Chapter 28 (secs. 3024-3084), Comp. St. 1922, commonly known as the workmen's compensation act, which provides that in cases

arising under part II thereof the court shall have authority to hear and determine the cause as a suit in equity, is not unconstitutional because not allowing a jury trial, since the parties by accepting the provisions of part II thereby waive a trial by jury.

2. **Master and Servant: Workmen's Compensation Act: Wilful Negligence: Trial by Jury.** Section 3024, Comp. St. 1922, which provides that the question of whether the injury was the result of the wilful negligence of the employee is a question of fact to be submitted to the jury, applies only to cases arising under part I of the compensation act, and has no application to cases arising under part II.

3. ———: ———: **Election.** Where the evidence is silent as to an election between part I and part II of the compensation act, and the case is tried on the theory that the parties were under part II, it will be presumed that the parties were acting under part II of the act.

4. ———: ———: **Casual Employment.** Evidence examined, and *held* sufficient to sustain the finding and judgment of the trial court that the employment was not casual.

5. ———: **Compensation Award: Expenses: Proof.** Where the evidence shows that certain hospital and nurse expenses have been incurred by the injured employee, a *prima facie* case is made out, and, in the absence of any showing that the expenses so incurred were unreasonable, such proof will be held to be sufficient.

6. Evidence examined; and *held* sufficient to sustain the findings and judgment of the trial court.

Appeal from the district court for Otoe county: James T. Begley, Judge. *Affirmed.*

W. F. Moran, for appellant.

Andrew P. Moran, contra.

Heard before Morrissey, C. J., Rose, Day and Flansburg, JJ., Shepherd, District Judge.

Day, J.

This is a proceeding under the workmen's compensation act. The plaintiff, Carl J. Nosky, filed a petition before the compensation commissioner against the de-

fendant, for an award for injuries sustained on June 2, 1921, which arose, as he claimed, out of and in the course of his employment. The compensation commissioner found in favor of the plaintiff, and awarded him compensation at the rate of $15 a week from June 2, 1921, until disability ceased. An appeal was taken from this award to the district court, where upon trial the plaintiff obtained judgment entitling him to recover compensation at the rate of $15 a week from June 2, 1921, together with medical, hospital and nurse expenses in the sum of $186.66, and a penalty of $78.75 for failure to pay the award, and an attorney's fee of $75. From this judgment, the defendant has appealed.

The main error complained of by the defendant is the ruling of the court denying a jury trial. At the time the case was called for trial the defendant requested a jury to pass upon the questions of fact. This request was overruled. In this connection, it is first urged that the ruling of the court in denying a jury trial was in violation of section 6, art. I of our Constitution, which provides that "the right of trial by jury shall remain inviolate." Defendant has not aided us by the citation of any authority in support of his proposition, except to cite the constitutional provision. An examination of the authorities has convinced us that the great weight of authority sustains the rule that, where the employer and the employee have the right to elect whether they shall come under the provisions of the compensation act, and where the act provides for a trial without the intervention of a jury, an election to come within the provisions of the act is a waiver of the right to a jury trial. *Hunter v. Colfax Consolidated Coal Co.*, 175 Ia. 245; *Hawkins v. Bleakley*, 220 Fed. 378; *Greene v. Caldwell*, 170 Ky. 571. That it is competent for parties litigant to waive a jury trial is well recognized, and in practice is a matter of almost daily occurrence. The provisions of part II of the workmen's compensation act, which contemplates a speedy trial without a jury, are not forced

upon the employer nor the employee. They may avoid
its provisions entirely by taking the steps prescribed
therein. By affirmatively electing to come within its pro-
visions, or by failing to take the steps to obviate its pro-
visions, the employer and employee are under the pro-
visions of part II of the act, and may be said thereby to
have waived the right of a trial by jury.

Defendant also argues that section 3024, Comp. St.
1922, which is a part of the workmen's compensation act,
specially provides that the question whether an injury
was the result of the wilful negligence of the employee is
a question of fact to be submitted to the jury, and, there-
fore, the court erred in denying a jury trial. An exam-
ination of the whole act, however, clearly discloses that
this section applies only to the provisions of part I of
the act, and has no application to part II. The pro-
visions of part I apply to those cases only where the
employer or the employee has taken the necessary steps
to relieve himself of the provisions of part II. Section
3035, Comp. St. 1922, provides, in substance, that all
contracts of employment made after the taking effect of
the act shall be presumed to have been made with refer-
ence and subject to the provisions of part II, unless other-
wise expressly stated in the contract, or unless a written
or printed notice has been given by either party to the
other that he does not accept the provisions of part II.
The form and manner of giving the notice is also set
forth in this section. There is no claim that either the
plaintiff or the defendant took any steps to bring them-
selves within the provisions of part I of the act, and,
hence, by the provisions of the act their respective rights
must be determined by the provisions of part II thereof.

Section 3060, Comp. St. 1922, provides, in substance,
for a hearing before the compensation commissioner;
that if either party is dissatisfied with the award of the
compensation commissioner the matter may be submitted
to the district court of the county which would have juris-
diction of a civil action between the parties, "which court

shall have authority to hear and determine the cause as in equity, and enter final judgment therein determining all questions of law and fact in accordance with the provisions of this article." Without mentioning further provisions of the act, it seems clear that the legislature contemplated that cases falling under the provisions of part II should be tried by the court without a jury.

It is next urged that the defendant never employed the plaintiff to work for it. This contention, however, is not borne out by the testimony. It affirmatively appears that the plaintiff was employed by one Schlosser, an employee of the defendant, who testified that the company gave him authority to hire the plaintiff, and he did so. This is not denied.

It is further urged that the employment, if any, was casual, and therefore not within the protection of the workmen's compensation act. It appears, however, that the plaintiff was employed to work during the absence of Mr. Schlosser on his vacation; and, while no definite period was fixed as to the duration of the employment, this fact alone would not, as we view it, render the employment casual within the meaning of the compensation act. The term "casual," as used in the compensation act, is defined in *Bridger v. Lincoln Feed & Fuel Co.,* 105 Neb. 222. Under the rule there announced we think the evidence sufficient to sustain the finding and judgment of the trial court that the employment was not casual.

It is further contended that the plaintiff's injuries were caused by his own wilful negligence, which, if true, under the terms of the compensation act, would prevent a recovery. It appears that for the convenience of the employees of the defendant's elevator, a device known as a manlift was installed, which operated by means of a counterbalanced weight and a rope, by which a person standing on the manlift would with slight exertion pull himself to the top. When the manlift was on the lower floor, and not in use, it was necessary to fasten it to prevent the weight from raising it to the top. This was done

by means of a pin. In some manner the manlift was left unfastened at the bottom and was carried to the top of the elevator shaft with such force as to break the cable and allow the weight to drop to the bottom. The manlift, however, in some manner became wedged or fastened and could not be disengaged from the lower floor. The plaintiff thereupon climbed a ladder to the manlift, and, according to his testimony, not knowing that the weight had been broken loose from the manlift, stepped upon it, when it fell to the bottom of the shaft with such force as to injure the plaintiff's spine. While there may be some circumstances in evidence which would tend to show that the plaintiff knew that the weight had broken loose from the manlift, the testimony as a whole would amply justify the findings of the trial court that the injury was not the result of the plaintiff's wilful negligence. It has been repeatedly held in this class of cases that the findings of the trial court, when supported by competent evidence, will not be set aside unless clearly wrong. *Simon v. Cathroe Co.*, 106 Neb. 535, and cases there cited.

Lastly, it is urged that the evidence does not support the judgment, particularly with reference to the allowance of the hospital and nurse expenses. With respect to these items, the plaintiff's evidence does not go beyond the point that they were incurred by him, and defendant does not show that they were unreasonable or unjust charges. Considering the somewhat informal manner in which cases of this character are tried, we are inclined to hold that the proof offered was insufficient to make out a *prima facie* case, and, in the absence of any attempt to show that the expenses so incurred were unreasonable or exorbitant, it will be held to be sufficient.

An attorney's fee of $50 is allowed to plaintiff's counsel for services in this court.

No prejudicial error appearing in the record, the judgment of the district court is

AFFIRMED.