CLARENCE G. BLISS, RECEIVER, APPELLEE v. LIVE STOCK NATIONAL BANK OF OMAHA, APPELLANT.

FILED MAY 19, 1933. No. 28630.

*W. C. Dorsey, Malcolm Baldrige* and *Harold C. Linahan,* for appellant.

*George I. Craven, contra.*

Heard before GOSS, C. J., DEAN, GOOD, EBERLY, DAY and PAINE, JJ., and MESSMORE, District Judge.

GOOD, J.

This is the second appearance of this cause in this court. For a complete statement of the facts, reference is made to the former opinion, reported in 122 Neb. 668.

The action was one to recover for conversion of funds belonging to the insolvent First State Bank, of which plaintiff is receiver. On the first trial, after all the evidence was adduced, both parties moved for a directed verdict. The trial court discharged the jury and took a submission of the cause on the evidence, briefs and oral arguments of counsel, and rendered judgment for plaintiff as against all the defendants except the Live Stock National Bank. As to the latter, the receiver appealed. This court reversed the judgment of the district court as to the Live Stock National Bank. The concluding paragraph of the opinion is as follows: "The Live Stock National Bank, having received payment of the individual note of the president and vice-president of the First State Bank, unauthorized, from funds of the bank with knowledge, is liable for conversion of the amount so paid. The judgment of the district court is reversed and the cause is remanded for further proceedings in accord with this opinion." It is now contended that the cause was remanded generally, and that the Live Stock National Bank was entitled to file an amended answer and to have another trial in the district court.

Without question it is a general rule that reversal of a judgment and remand for further proceedings in accord with the opinion, without specific direction to the trial court as to what it shall do, except such as conveyed by the words, "for further proceedings," is a general remand, and the parties stand in the same position as if the case had never been tried. This court and other courts have frequently so held. However, there are some exceptions to the rule. If the undisputed and admitted facts are such that but one judgment could be rendered, the trial court should enter such a judgment, notwithstanding the mandate did not specifically direct the trial court's action.

In the former opinion adopted by this court, there was no thought but that the remand was for the purpose only of having the trial court enter judgment for plaintiff

against the Live Stock National Bank. It may be conceded that the language of the mandate in the remand was not as specific as it should have been. The evidence taken on the former hearing is incorporated in the bill of exceptions on this appeal, and the admitted facts are such, in the opinion of this court, that no other judgment could properly have been entered, under any circumstances, than one in favor of plaintiff and against the Live Stock National Bank. It would be an idle gesture to require the trial court to go through the form of another trial to reach the result which had been attained and which would have been the only result that could have been upheld. It is true that defendant tendered an amended answer, in which it set out some allegations with respect to a custom of reconcilement statements between banks. However, the evidence as to such reconcilements was before the court on the former hearing, and was considered by this court, although not specifically mentioned in the opinion. The defendant further changed its position in its answer by alleging that the loan was made to the First State Bank, instead of to the individuals. The entire transaction between the banks was by correspondence, which is all in the record and is such as to absolutely and unqualifiedly negative any such contention. The loan by the Live Stock National Bank was made to the Heiligers, was guaranteed by other stockholders of the bank, and was borrowed by them for the specific purpose of restoring the impaired capital of the First State Bank. It was so used, and when it went into the bank it became the bank's money; it was not the money of the Heiligers or of the other guarantors on the Heiliger note. The note was not the obligation of the First State Bank. If any error was committed it was the oversight of this court in not making its mandate more specific.

The record is free from prejudicial error, and the judgment is

AFFIRMED.