ALBERTA SUMMERS, ADMINISTRATRIX, APPELLEE, V. RAILWAY
EXPRESS AGENCY, APPELLANT.

278 N. W. 476

FILED MARCH 11, 1938. No. 30349.

*Beeler, Crosby & Baskins* and *Robert B. Crosby,* for appellant.

*E. H. Evans* and *Urban Simon, contra.*

Heard before GOSS, C. J., ROSE, PAINE, CARTER and MESSMORE, JJ.

Goss, C. J.

The Railway Express Agency appeals from a compensation award in the district court, as it had appealed to that court from an award of the compensation commissioner. The only question involved is the amount of the compensation due from defendant.

The district court found that Asa Summers was, when injured in an accident on September 12, 1936, then engaged in his joint employment by the Union Pacific Railroad Company and the Railway Express Agency; that he died September 13, 1936, as a result of the injuries so received in the course of his employment and arising therefrom, leaving his widow and three minor children; that he received wages of $29.16 a week, of which the Railway Express Agency paid him $17.44 a week (and he was entitled to compensation of $11.63 a week), and the Union Pacific Railroad Company paid the balance; that the Union Pacific Railroad Company was not subject to the workmen's compensation law; that plaintiff was entitled to $11.63 a week for 325 weeks from September 13, 1936, with statutory burial benefits of $150 and all hospital bills, for which judgment was ordered.

The assignments of error suggest that the court erred in computing the weekly wage of Summers as $29.16 and state that it was $29.74, but no point of this is made in the argument nor of other discrepancies in the trial court's computations. These assignments clearly raise, and the argument on behalf of defendant insists, that the court erred in not limiting the liability of the Railway Express Agency to 60 per cent. of the $15 a week admitted compensation or $9 a week for 325 weeks, to $90 or 60 per cent. of $150 for burial benefits, and to 60 per cent. of all medical, hospital and doctor's bills.

The evidence shows that the employee was in the joint employment of the Railway Express Agency, which paid 60 per cent. of his wages, and of the Union Pacific Railroad Company, which paid 40 per cent. of his wages. Formerly each paid separately, but during the last two

years the checks for his wages were received from the Railway Express Agency but the Union Pacific Railroad Company contributed its percentage on each pay-day in accordance with a written contract between the two companies. It must be inferred that the employee knew about this joint employment because the railroad company deducted from time to time certain charges for payments made by it on his account to organizations to which he belonged, such as for insurance. The evidence shows and it is not disputed that when Summers was injured he was moving a truck on which were conveyed items for both the railroad company and the express agency.

Section 48-120, Comp. St. 1929, as amended by section 19, ch. 57, Laws 1935, makes the employer liable for reasonable hospital and medical services and medicines, when needed and approved by the compensation commissioner.

Under section 48-122, Comp. St. 1929, as amended by section 40, ch. 57, Laws 1935, if death results from injuries and the deceased employee leaves one or more persons wholly dependent, the compensation shall be two-thirds of the wages received at the time of the injury, but not more than $15 nor less than $6 a week, unless the employee was receiving less than $6 a week, in which case the compensation shall equal such wages. This compensation shall be paid during dependency, not exceeding 325 weeks from the date of the accident causing the injury; burial benefits are limited to $150.

Section 48-129, Comp. St. 1929, provides that, where an employee is employed jointly by two employers, one of whom falls within the provisions of the workmen's compensation law and one who is not within the provisions of the workmen's compensation law, the obligation of that one within the workmen's compensation law is to pay only that proportion of the entire compensation which the proportionate wage liability bears to the entire wages of the employee.

Where the workmen's compensation law fixes the amount of compensation, such compensation can be measured only

in the manner directed by the statute. *Johnson v. David Cole Creamery Co.*, 109 Neb. 707, 192 N. W. 127.

Both the compensation court and the district court erred in applying the law which we have briefly stated. The entire wages paid to Asa Summers under his joint employment by the Union Pacific Railroad Company and the Railway Express Agency, defendant herein, called for compensation limited to $15 a week for 325 weeks of dependency, plus burial benefits limited to $150. By section 48-129, Comp. St. 1929, the legislature required the compensation payable to be proportioned to the wages paid by an employer who came under the provisions of the law in such a way that his business would be taxed only for the percentage of the employee's wages paid by him. The only employer here who came under that law was the Railway Express Agency. It paid 60 per cent. of the wages and is therefore liable for only that percentage of the derivable compensation based on the wages, and a like per cent. of the burial charges and the medical and hospital fees, if any. Therefore, on that basis, defendant was liable for only $9 a week for 325 weeks and for $90 of the burial benefits allowed.

The judgment of the district court is reversed and the cause is remanded, with directions to the district court to enter judgment in harmony with this opinion.

REVERSED.