H. JOE BOHMONT, APPELLANT, V. WILLIAM H. H. MOORE ET AL., APPELLEES.

2 N. W. (2d) 599

FILED FEBRUARY 27, 1942. No. 31275.

*Lloyd E. Chapman* and *G. E. Hendricks,* for appellant.

*Mockett & Finkelstein* and *Peterson & Devoe, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

CARTER, J.

The defendant Martell State Bank moved for a judgment in its favor on the mandate issued by this court on a former appeal. The plaintiff brings the case to this court for review, alleging that the judgment against him was erroneously entered.

The record shows that plaintiff commenced an action against the Martell State Bank, William H. H. Moore and J. Carl Sittler to recover damages for the breach of a bailment contract. It was alleged in the petition that plaintiff rented a safety deposit box from the Martell State Bank several years prior to November 2, 1938, that he placed $14,000 in currency therein for safe-keeping, and when he called to get the money on November 2, 1938, it was not in the safety deposit box. A more detailed statement of the facts will be found in the former opinions. *Bohmont v. Moore,* 138 Neb. 784, 295 N. W. 419, and *Bohmont v. Moore,* 138 Neb. 907, 297 N. W. 559. The mandate of the supreme court issued on the former appeal stated "that the judgment rendered by you be reversed * * * and the cause remanded for further proceedings." It is the effect of this remand, when considered in connection with the opinions of the supreme court accompanying it, that gives rise to the question herein to be determined.

In the original petition filed in the district court, it was alleged that the bailment agreement was made with the Martell State Bank and that the only persons who handled any transactions pertaining to the safety deposit box were the defendants Moore and Sittler. The trial court directed a verdict in favor of Moore and Sittler. The judgment en-

tered in their behalf was never appealed from and consequently has become final. As to the Martell State Bank, the case was submitted to the jury, who returned a verdict against it for the $14,000. The Martell State Bank appealed to this court, and in reversing the case this court, among other things, said: "If the liability of a banking corporation, sued for tort, is necessarily dependent upon the culpability of its president and cashier, who are the immediate actors and who, in an action against them by the same plaintiff for the same act, have been adjudged not culpable, defendant banking corporation, under such circumstances, is entitled to a directed verdict."

On rehearing, the attention of the court was called to the fact that the action sounded in contract and not in tort. In the second opinion, *Bohmont v. Moore*, 138 Neb. 907, 297 N. W. 559, this court said: "The plaintiff's petition sounds in contract and further contains a direct allegation of negligence, thus presenting two aspects of recovery. Suffice it to say that the rules of law set forth in the opinion are applicable to the plaintiff's cause of action, based on a breach of the bailment agreement." The petition contains the following allegation: "That by reason of the failure of the defendants to return said money to the plaintiff and by reason of their negligence in not properly protecting and caring for said money owned by the plaintiff as aforesaid, the plaintiff has been damaged in the sum of $14,000." There can be no doubt that this was a general allegation of negligence. The fact that defendants Moore and Sittler were joined as parties defendant is additional proof that plaintiff considered that negligence was an essential element to a recovery, for if the action was one in contract they would have no personal liability. But, in any event, this court in its second opinion concluded that the rules as to negligence were applicable. We do not have the transcript of the evidence in that case before us and for that reason we cannot determine upon what theory the case was tried in the district court. For aught we can say, the parties tried it on the theory that the loss was due to the negligence of the

bank acting through its officers, Moore and Sittler. If this be the basis of the holding, it is unquestionably correct, as this court has many times held that, where a certain theory on any issue is relied upon by the parties to the trial as the proper one, it will be adhered to on appeal whether it is correct or not. *Behle v. Loup River Public Power District*, 138 Neb. 566, 293 N. W. 413; *U. S. Tire Dealers Mutual Corporation v. Laune*, 139 Neb. 26, 296 N. W. 333. We realize fully that the record before us does not establish the truth of this supposition. But it does indicate a reason why this court has held that all matters decided expressly or by necessary implication in its opinion in reversing the first judgment become the law of the case as to any future trial.

In *Kuhns v. Live Stock Nat. Bank*, 138 Neb. 797, 295 N. W. 818, this court said: "So, too, all matters decided expressly or by necessary implication by this court in its opinion in reversing the first judgment became the law of the case. This applies not merely to all questions actually and formally presented, but to all existing in the record and necessarily involved in the decision. Such points will not be reconsidered in this appeal."

And in *Anheuser-Busch Brewing Ass'n v. Hier*, 61 Neb. 582, 85 N. W. 832, this court said: "The decision of questions presented to this court in reviewing the proceedings of the district court becomes the law of the case, and, for the purposes of the litigation, settles conclusively the points adjudicated."

And, also, in *Blum v. Truelsen*, 139 Neb. 282, 297 N. W. 136, this court held:

"The plaintiff in this appeal raises the same propositions that were considered in the motion for rehearing, in attacking that part of the judgment releasing Henry T. Truelsen from liability on the note. This court determined the issue so raised when the motion for rehearing was denied.

" 'It is a fundamental principle of jurisprudence that material facts or questions which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and

that such facts or questions become *res judicata* and may not again be litigated in a subsequent action.' 30 Am. Jur. 920, sec. 178. In the instant appeal the subject-matter has been fully determined in the opinion in *Blum v. Truelsen, supra,* and by the motion for rehearing therein, and cannot be again litigated."

An examination of the record in this case reveals that every point raised by the plaintiff was determined against him on the former appeal. The holding that the final judgment in favor of Moore and Sittler was a bar to a recovery against the bank was attacked in the motion for a rehearing and this court in its opinion overruling the motion for a rehearing adhered to its former decision. The issue consequently has been finally decided and becomes the law of the case.

Plaintiff argues that the court determined that instruction No. 4 was erroneously given and that, unless a new trial had been intended, there would have been no occasion to consider the correctness of any of the instructions. We quite agree that under our present view of the case there was no necessity to pass upon the correctness of instruction No. 4 and that it is some evidence that a new trial before a jury, correctly instructed, was intended. But another well-settled rule does away with any such conclusion in the present case. Our former decision holds that the final judgments in favor of Moore and Sittler are a bar to a recovery against the bank. This being true, another trial could accomplish nothing. The judgments would be a bar in any event and require a judgment in favor of the bank. In other words, the judgment entered in favor of the bank was the only one that could be rendered under the present state of the record.

In *Bliss v. Live Stock Nat. Bank,* 124 Neb. 880, 248 N. W. 645, this court said: "Without question it is a general rule that reversal of a judgment and remand for further proceedings in accord with the opinion, without specific direction to the trial court as to what it shall do, except such as conveyed by the words, 'for further proceedings,' is a general remand, and the parties stand in the same position as if

the case had never been tried. This court and other courts have frequently so held. However, there are some exceptions to the rule. If the undisputed and admitted facts are such that but one judgment could be rendered, the trial court should enter such a judgment, notwithstanding the mandate did not specifically direct the trial court's action."

In *Kuhns v. Live Stock Nat. Bank, supra,* this court said: "In this connection the decision of this court in the instant case on the first appeal necessarily included the determination that the cause of action alleged in the trustee's petition, both as to fact and law, was clearly sustained by the record and that such trustee was therefore entitled to a judgment as prayed. This became the law of the case, and was properly, as such, interpreted by the trial court on the entry of its judgment 'upon the mandate' here appealed from. As an additional reason, it may be said that a case will not be reversed for errors, where the complaining party would not be entitled to succeed in any event." See, also, *Regouby v. Dawson County Irrigation Co.,* 128 Neb. 531, 259 N. W. 365.

Plaintiff further contends that, if a new trial was not intended, this court would have reversed and dismissed the action as to the bank. While this is usually true, there are some recognized exceptions to the rule, one of them being that, if the undisputed and admitted facts are such that but one judgment can be rendered, the trial court should enter such a judgment. A case will not be reversed where the complaining party would not be entitled to a judgment in any event.

The trial court evidently came to this same conclusion. The judgment of the district court being the only one that could properly be entered, it is affirmed.

AFFIRMED.

SIMMONS, C. J., dissenting.

I agree with the majority that this is an action "to recover damages for the breach of a bailment contract." I agree that plaintiff alleged that the defendant bank and its officers were negligent in not properly caring for and protecting the money which plaintiff alleges he placed

in the safety deposit box which he rented from the defendant bank. I agree that plaintiff considered that negligence was an "essential element" of the case. I disagree with their conclusion that because of the allegation as to negligence the action was not "one in contract." This conclusion is based on the fact that negligence is an element to be established, as the proximate cause of the loss to the bailor. "The great weight of authority is to the effect that the transaction (the lease of a safety deposit box) constitutes a bailment for hire." 67 C. J. 596. "It is the duty of the bailee to exercise ordinary care and diligence." *Ibid.* 597. "If the bailee fails to exercise such care and diligence, it is liable for any loss of the contents of a safe deposit box *which occurs as a proximate result of its negligence.*" *Ibid.* 598. "Where it is sought to hold the safe deposit company liable on the ground of negligence, the burden is on plaintiff to prove defendant's duty and negligence as alleged, but where a *prima facie* case is proved, as where it is shown that the loss occurred without plaintiff's knowledge or consent while the property was deposited with defendant, it is then incumbent on defendant to show by a preponderance of evidence that the loss was not caused by any negligence on its part." *Ibid.* 601. These principles generally have been recognized by this court. In *Sulpho-Saline Bath Co. v. Allen,* 66 Neb. 295, 92 N. W. 354, this court with approval quoted from Story on Bailments as follows: "When the bailment is reciprocally beneficial to both parties, the law requires ordinary diligence on the part of the bailee, and makes him responsible for ordinary neglect." In the opinion, this court said: "Having received the property as bailee, the burden was on the defendant below to show that it was lost, if such was the case, without negligence upon its part." See, also, *Campbell v. Missouri P. R. Co.,* 78 Neb. 479, 111 N. W. 126, and *Davis v. Taylor & Son,* 92 Neb. 769, 139 N. W. 687.

Negligence therefore was an element in the "action to recover damages for the breach of a bailment contract." That the plaintiff so recognized it and that it was so treated in the

trial is established by the first opinion herein where it is recited: "The plaintiff contends that, when the renter of a box proves, first, the existence of the contract of rental, second, the deposit of money, or other valuables, under the agreement, and, third, the failure to return the money, or other valuables, on demand, if the bank renting the box then fails to explain or excuse the nondelivery, it is liable in damages, just as any other bailee for hire; that the *prima facie* case, when made, rests upon a presumption of negligence on the part of the depositary, which must be rebutted to escape liability." (138 Neb. 784.)

But even if this view is erroneous, then the following rules seem applicable. "Where a complaint states a cause of action in contract and it appears that this is the gravamen of the complaint, the nature of the action as *ex contractu* is not affected or changed by the fact that there are also allegations in regard to tortious conduct on the part of defendant, such as allegations in regard to negligence, or fraud, or conversion, which in such cases may be disregarded as surplusage." 1 C. J. S. 1101, sec. 46. "An action for the negligent performance of a contract not involving a breach of duty imposed by law sounds in contract, and, if the complaint clearly sounds in contract, the fact that negligence is also alleged will not affect or change the character of the action." 1 C. J. S. 1107, sec. 49.

The majority opinion states: "We do not have the transcript of the evidence in that case (the first appeal) before us and for that reason we cannot determine upon what theory the case was tried in the district court." As I see it, it is not necessary to have the bill of exceptions in the first case to determine the "theory" upon which plaintiff tried his case. That theory is stated in the above quotation from the opinion. However, we have the right to order the bill of exceptions returned to us. Section 20-1924, Comp. St. 1929, provides: "In the event a rehearing of any such cause or proceeding shall be allowed by the supreme court, *or if for any other reason* said court shall need or desire the use of

such original bill or bills of exception or testimony in equity and law cases, it is hereby authorized to order the return of the same to it." If there is any question as to what that record shows, it is our right and duty to examine into it. *Witzenburg v. State,* 140 Neb. 171, 299 N. W. 533.

It is true that the opinion in the first case considered the question of negligence. It is obvious, however, that throughout that discussion and in the authorities cited negligence was considered as an element of a contract action and as it affected the rights of a bailor, duties of a bailee, and the burden of proof.

The difficulty we are now facing arose not because of allegations and proof of negligence, but because the plaintiff included the officers of the bailee bank as defendants, both in his designations of parties and in some of his allegations. The trial court in the first action recognized that they were not proper parties and dismissed them, and the action proceeded as one against the defendant bank "for damages for breach of a bailment contract."

This court in the first opinion *on its own motion* raised this question of the joinder of the officers of the bank. It then stated a rule applicable to a corporation committing a tort, and stated that the bank was "a tort-feasor, together with" its officers. This is the first appearance in the case of the contention that this is a tort action as distinguished from a contract action. In syllabus point 7 a rule applicable to a banking corporation "sued for tort" is stated, as are similar rules stated in the opinion. It is to be noted, however, that this court did not make an adjudication of that matter and did not dismiss the case and did remand the case generally "for the reasons given" in the opinion.

What was the reason that required a remand?—the error which existed in instruction 4 which was discussed at length in the opinion. Had this court determined that a judgment for the defendant either here or below should be entered, then such an order here or a remand, with instructions to enter such an order, would have been the proper action. That adjudication was not made.

A motion for a rehearing was filed by plaintiff and briefs by *amici curiæ*. The majority state that "The holding that the final judgment in favor of Moore and Sittler was a bar to a recovery against the bank was attacked in the motion for a rehearing and this court in its opinion overruling the motion for a rehearing adhered to its former decision." On this feature of the case the plaintiff's motion for a rehearing presented only the proposition that the dismissal of Moore and Sittler was proper for the reason that, "in making contracts for a corporation, the employees act as agents for the corporation only, and in a suit for breach of the contract, only the corporation, or the principal, can be liable." The proposition that "the court erred in deciding that a judgment upon a directed verdict in favor of Moore and Sittler would preclude a judgment against the Martell State Bank" was advanced by *amici curiæ* and not by plaintiff. Neither can I agree with the conclusion of the majority that in overruling the motion for a rehearing this court "adhered to its former decision" on that matter. In the first place this court in its first opinion merely stated some rules of law; it made no decision of that matter. In the second place, assuming such a decision, in the second opinion (138 Neb. 907) this court did not adhere to it. This court was there presented with and *considered* the contention that we erred in construing the action as one in tort. What did we decide in the second opinion? "The rules of law set forth in the opinion are applicable to plaintiff's cause of action, *based on a breach of the bailment agreement*." That statement was made "to avoid confusion as to the nature of the action." Hence, by the second opinion we recognized the action as one for the "breach of a bailment agreement" and reaffirmed rules of law applicable thereto.

It is not shown that rules of law applicable to an action for the breach of a bailment contract require the dismissal of the cause of action against the bailee because employees of the bailee, unnecessary parties, are dismissed. Even the defendant in its brief does not contend that those

rules are applicable to the issues presented. The majority make no such contention. The rule is stated in 6 Am. Jur. 435, sec. 355, as follows: "The bailor may also proceed against joint defendants in an action *ex contractu,* but if he does so, it is the general rule that in order to recover, a cause of action must be established against all those joined. This rule is subject to an exception where one defendant gives in evidence matter in bar, of which he, but not others of the defendants, may take advantage, *and also where one is joined as defendant who is an unnecessary or improper party.* Thus, a clerk of the bailee, without interest in the bailment, falls within the latter exception, and a bailor has been allowed to recover against the bailee only upon a declaration charging joint liability after stipulating for dismissal of the action against such a clerk." The case there largely relied upon is *Mayer v. Brensinger,* 180 Ill. 110, 54 N. E. 159, 72 Am. St. Rep. 196. In that case the plaintiff alleged that he rented and placed a considerable amount of cash in a safety deposit box. When he returned to get it, it was gone. The question of ordinary care in its preservation was an issue. Plaintiff joined the owner of the safe deposit boxes *and his clerk.* The proof showed that only the owner was liable, and also that the clerk, if any one, was guilty of negligence and that he was manager and had charge of the vaults. Upon motion of the defendants the suit was dismissed as to the clerk and went to judgment against the owner who alone was liable. The court held, quoting the third and fourth paragraphs of the syllabus:

"If an action is dismissed as to one joint defendant, and judgment is rendered against the other without amendment of the complaint, there is a variance, to take advantage of which on appeal the defendant must specifically point out the objection in the trial court, and give the plaintiff an opportunity to amend.

"The rule that in a joint action *ex contractu* a dismissal as to one joint defendant effects a discontinuance of the entire action so as to render a judgment against the remaining defendant or defendants erroneous is sub-

ject to the exception that it does not apply when the defendant against whom the dismissal was had was not a necessary or proper party." (72 Am. St. Rep. 196.)

What then, in justice to the parties, should be done in this situation?

The majority dismiss all that part of the first opinion leading up to and holding that instruction No. 4 was erroneous and the contention that a new trial was intended by the decision on that feature of the case, with the statement that there "was no necessity to pass upon the correctness of instruction No. 4." The majority hold that "the final judgments in favor of Moore and Sittler are a bar to a recovery against the bank," and that having been decided, it becomes the "law of the case" and that a judgment for the bank must be entered. I cannot agree that such a judgment was entered, but, if entered, then it was clearly erroneous.

The majority, having started out with the proposition that this is an action "for the breach of a bailment contract," wind up by affirming a judgment for the defendant as having been "sued for tort."

What then is the rule where a previous decision is announced containing an admittedly inapplicable statement of law and the case is remanded generally and comes to us on a second appeal? This proposition was squarely before this court in *City of Hastings v. Foxworthy*, 45 Neb. 676, 63 N. W. 955, wherein the second paragraph of the syllabus is as follows: "An appellate court, on a second appeal of a case, will not ordinarily reexamine questions of law presented by the first appeal, but where the case was on the first appeal remanded generally for a new trial and the same questions are presented on the second trial, the appellate court is not bound to follow opinions on questions of law presented on the first appeal and may reexamine and reverse its rulings on such questions, and should do so when the opinion first expressed is manifestly incorrect."

In the body of the opinion it is stated: "It needs but a

moment's reflection to show that there is *no adjudication by the expression of an opinion on a point of law where no judgment is entered* in accordance with that opinion but the cause is *remanded generally.* The only thing adjudicated is that there was error in the record, and that the whole case should be relitigated. * * * It is true that it is the duty of the trial judge to follow the directions of the appellate court, but when the case comes again before the appellate court, the question is not, did the trial judge proceed according to its former opinion, but were his rulings correct in law. To enforce erroneous rulings, simply because the appellate court had directed the error, would be to pervert the law and sacrifice justice to the technicalities of practice."

The opinion next commented on the fact that appellate courts have the right to overrule their own decisions in different cases, which, the writer stated, amounted to an admission that in the previous case they had done an injustice which they could not remedy. He then said: "If the doctrine contended for is to prevail here, then it follows that the only instance in which the court is not permitted to correct its mistakes, or refuses to do so, is also the only instance where the mistake can be corrected without injustice. * * * To hold that it is bound to follow in a given case an erroneous decision formerly rendered in the same case would be to hold that, although the court believes the law to be otherwise, it will make a special law for the particular parties and the particular case before it, contrary to the general law—to substitute what it is pleased to call 'the law of the case' for the law of the land, for the law which every member of the court is sworn to administer. * * * We think that ordinarily the court is justified in refusing to reexamine questions of law once passed upon, and that it is only where it clearly appears that the former decision was erroneous that this should be done. It is, however, now clearly established that the former opinions in this case were erroneous and the court should correct the error."

I submit that that is what should be done now in the instant case. The *Foxworthy* case has been repeatedly cited and followed by this court. In *State v. Farrington*, 86 Neb. 653, 126 N. W. 91, it is said: "The correct rule is announced in the opinion of Mr. Commissioner Irvine in *City of Hastings v. Foxworthy*, 45 Neb. 676; that is to say, if a judgment of a lower court is reversed and the cause is remanded generally, the appellate court, upon a second appeal, may reexamine the law and correct an error committed in the first opinion; but, if the cause was first remanded with directions to the inferior court to enter a specific judgment, that court has no discretion, but must obey the mandate."

To correct this error it is not necessary to disturb the first opinion in its analysis of the cause of action as a contract action, in its statement of the contention of the parties, nor in its discussion and determination that instruction No. 4 was erroneous. It is necessary only to hold that, when the opinion and the supplemental opinion are properly construed and interpreted, they announce the conclusion that the judgment is reversed and the cause remanded for the error in instruction No. 4, and while not expressly stated in the supplemental opinion, that part of the original opinion which stated that the defendants were tort-feasors and which dealt with the liability of "a banking corporation when sued for tort" was of necessity set aside and withdrawn when the decision was clarified and a recognition given to the fact that plaintiff's action was based on a breach of a bailment agreement.

This court in the second appeal of *Cerny v. Paxton & Gallagher Co.*, 83 Neb. 88, 119 N. W. 14, held that, "Where the error preceded the verdict, and the verdict is a general one, there must be a new trial upon all the issues of fact." As to the *Cerny* case, the defendant says: "If the only matter contained in the opinion in this case would have been the error of the trial court in giving instruction No. 4, and the reversal was solely because of that error, then the case of *Cerny v. Paxton & Gallagher* would be

controlling." See, also, *Sowerwine v. Central Irrigation District*, 91 Neb. 457, 136 N. W. 44; *Bliss v. Live Stock Nat. Bank*, 124 Neb. 880, 248 N. W. 645; *Parish v. County Fire Ins. Co.*, 137 Neb. 385, 289 N. W. 765. In *Missouri, Kansas & Texas Trust Co. v. Clark*, 60 Neb., 406, 83 N. W. 202, this court said: "When a judgment is reversed for an error occurring at the trial, the cause must necessarily be tried again."

So here in the first appeal the judgment was reversed and the cause remanded because of the prejudicial error in instruction No. 4. The cause should "necessarily be tried again" unless the parties or the court by proper procedure dispose of it otherwise. In the instant case in the first appeal the judgment was reversed and remanded. The mandate placed it again on the docket for trial or for such other proceedings as may properly be taken in a case having that status.

The judgment of the trial court should be reversed and the cause remanded.