HATTIE S. GILMORE, ADMINISTRATRIX OF THE ESTATE OF NYLE M. GILMORE, DECEASED, APPELLEE, V. STATE OF NEBRASKA, DEPARTMENT OF ROADS AND IRRIGATION, APPELLANT.

20 N. W. 2d 918

FILED DECEMBER 7, 1945. No. 32029.

*Walter R. Johnson, Attorney General, Carl H. Peterson,* and *H. Emerson Kokjer,* for appellant.

*Lawrence F. Welch* and *Greydon L. Nichols,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

MESSMORE, J.

This appeal arises out of a workmen's compensation case wherein the district court granted an award for medical and hospital expenses incurred in the treatment and care of one Nyle M. Gilmore, an employee of the state of Nebraska.

The record discloses that Nyle M. Gilmore, an assistant mechanic employed by the Department of Roads and Irrigation at Chadron, was injured on April 7, 1936, in an accident which arose out of and in the course of his employment, by stepping from the rear of a truck and falling on his spine. He was administered to by Dr. M. B. McDowell the next morning, and returned to work, and continued to work until March 31, 1941, when, as a result of the original accident, he became totally and permanently disabled. During the period of his employment he felt no ill effects from the accident except a peculiar sensation in the back of his neck on May 20, 1940, and December 7, 1940, which did not apparently interfere with his work at the time.

On August 25, 1941, Nyle M. Gilmore, as plaintiff, filed a petition in the Nebraska Workmen's Compensation Court, setting forth the history of the accident, the injury sustained, and the wages paid per week. The defendant filed an answer September 8, 1941, denying the allegations of the plaintiff's petition with the exception of employment on the date of the accident; alleging further that no claim for compensation was filed within six months from the date of the accident, and no petition was presented to the Nebraska Workmen's Compensation Court within one year from the date of the accident as provided for by law; and that the claim is barred by the statute of limitations. On November 24, 1941, the plaintiff filed a reply to the defendant's answer, denying each and every allegation of new matter therein contained. On February 16, 1942, an award was entered by a judge of the Workmen's Compensation Court, and this

award was corrected February 20, 1942. In the corrected award the compensation judge found that as a result of the latent disability plaintiff had been temporarily, totally disabled from and after March 31, 1941, to and including the date of the hearing, and continued to be temporarily, totally disabled; that as a result of the latent disability plaintiff was in need of further medical, surgical, and hospital care, the fair and reasonable costs and expense of which should be paid by the defendant; compensation in the amount of $15 per week for temporary total disability was allowed, not to exceed 300 weeks, or until the award was modified as provided by law, and certain medical expenses were allowed for an effort on the part of the physicians employed to check the progressive nature of the disability due and traceable to the accident of April 7, 1936.

In conformity with the award, the defendant paid the plaintiff workmen's compensation at the rate of $15 per week from March 31, 1941, until September 27, 1944, the date the plaintiff died, and in addition thereto, paid all of the medical and hospital bills that he incurred until November 15, 1942, then voluntarily discontinued such payments.

Section 48-178, R. S. 1943, provides in part: "The judge (compensation judge) shall make such * * * judgments as the * * * judge is authorized by law to make. * * * his * * * judgments shall be conclusive upon all parties at interest unless reversed or modified upon appeal * * * ."

Section 48-170, R. S. 1943, provides in part: "Every order and award of the Nebraska Workmen's Compensation Court shall be binding upon each party at interest unless notice of intention to appeal to the district court has been filed with the court within fourteen days following the date of rendition of the order or award; * * * ."

In the instant case, an award was entered by a judge of the Workmen's Compensation Court after a hearing on the merits in a proceeding properly brought, and such award was a final order and was not legally appealed from, and constitutes an absolute bar to a subsequent suit based upon the same cause of action, and cannot again be litigated in a

subsequent action between the same parties or their privies, except as otherwise provided for by statute. See Gray v. Burdin, 125 Neb. 547, 250 N. W. 907. See, also, 30 Am. Jur., Judgments, s. 178, pp. 920-922, and cases cited in notes 10, 11, and 12 thereof; State ex rel. Kennedy v. Broatch, 68 Neb. 687, 94 N. W. 1016; Bohmont v. Moore, 141 Neb. 91, 2 N. W. 2d 599.

On July 24, 1942, the compensation judge who entered the corrected award on February 20, 1942, entered an order finding that Dr. M. B. McDowell was the attending physician of the plaintiff, and that it was necessary to render to the plaintiff further medical, surgical, and hospital services; and following the recommendation of Dr. McDowell, that the plaintiff be sent to the University of Nebraska Hospital and the expenses in connection therewith be subject to the approval of the compensation court. Dr. McDowell had treated the plaintiff for a period of four or five years prior to the time that the plaintiff was sent to the University of Nebraska Hospital. The first time the plaintiff was sent to the University of Nebraska Hospital he remained for approximately three months. The second time was pursuant to the foregoing order. The plaintiff remained in the hospital for a period of three or four weeks, and was sent to Bailey's Sanitarium in Lincoln where he remained until he was returned to Chadron under the care of Dr. McDowell on November 14, 1942.

On July 24, 1944, the plaintiff filed in the Workmen's Compensation Court an application for additional benefits, which alleged in substance that the total disability of the plaintiff would continue for an indefinite time in the future; and that the court found that the plaintiff had incurred certain medical and hospital bills, and entered an order that the defendant should pay said bills in addition to the workmen's compensation. The bills referred to in the application for additional benefits are the bills in question, in the amount of $2,534.20 for services rendered by the Chadron Municipal Hospital, and for medical services and medicine rendered to the plaintiff by Dr. M. B. McDowell from and after November 15, 1942, in the amount of $1,273.

On November 2, 1944, an award was made by the compensaton judge that the amounts as heretofore designated were necessary and reasonable expenses, and defendant is liable for the payment thereof.

On November 6, 1944, an application for rehearing by the defendant was filed, and set forth that in making the allowances to the doctor and to the hospital, the judge acted without and in excess of his power; that the findings of fact in the award are not supported by the evidence; and that the court erred in its application of the law to the facts.

On January 3, 1945, the cause having been revived in the name of the administratrix of the estate of Nyle M. Gilmore, the administratrix filed a petition in the Workmen's Compensation Court setting forth the history of the accident and the injuries, and the payments made by the defendant, and that the bills here in consideration were incurred by necessitated care of the plaintiff until his death.

On January 10, 1945, an award on rehearing before the compensation court was entered, affirming the award of November 2, 1944. The case was appealed to the district court and the defendant filed a petition on appeal, alleging the award for allowance of medical and hospital expenses entered on January 10, 1945, is unjust, unlawful, and not in accordance with the terms and provisions of the Workmen's Compensation Act, and set forth the same objections as appear in its answer to the administratrix's petition on rehearing. The administratrix filed an answer denying the award for medical and hospital expenses was unjust and unreasonable.

Section 48-120, R. S. 1943, provides in part: "The employer shall be liable for reasonable medical and hospital services and medicines as and when needed, subject to the approval of the compensation court, not, however, to exceed the regular charge made for such service in similar cases; * * * ."

The evidence in behalf of the plaintiff is that the medical and hospital bills incurred by Nyle M. Gilmore, from and after the accident and resulting injuries until his death,

were necessary and directly connected with the accident of April 7, 1936, and that the charges therefor were reasonable. The defendant's evidence does not show, and no attempt is made to show, that such charges are unreasonable, unjust, or exorbitant. Under the circumstances, the defendant cannot prevail. See Nosky v. Farmers Union Cooperative Assn., 109 Neb. 489, 191 N. W. 846; Summers v. Railway Express Agency, 134 Neb. 237, 278 N. W. 476.

Section 48-125, R. S. 1943, provides in substance that in the event the employer appeals to the Supreme Court from an award of the district court and fails to obtain any reduction in the amount of such award, the Supreme Court shall allow the employee a reasonable sum for attorney fees for the proceedings in the Supreme Court. See Lincoln Gas & Electric Light Co. v. Watkins, 113 Neb. 619, 204 N. W. 391; Derr v. Kirkpatrick, 106 Neb. 403, 184 N. W. 91; Perkins v. Young, 133 Neb. 234, 274 N. W. 596. For services rendered in this court, the plaintiff's counsel is allowed an attorney fee of $300.

The judgment of the district court is affirmed.

AFFIRMED.