LILA LEE GILMORE, A MINOR, BY HATTIE S. GILMORE, HER GUARDIAN AND NEXT FRIEND, APPELLEE, v. STATE OF NEBRASKA, DEPARTMENT OF ROADS AND IRRIGATION, APPELLANT.

26 N. W. 2d 296

Filed February 21, 1947.    No. 32193.

*Walter R. Johnson*, Attorney General, *Carl H. Peterson*, and *Harold Salter*, for appellants.

*Lawrence F. Welch*, for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, YEAGER, CHAPPELL, and WENKE, JJ., and NUSS, District Judge.

CHAPPELL, J.

The guardian and next friend of plaintiff, Lila Lee Gilmore, twelve-year-old daughter of Nyle M. Gilmore, deceased, instituted this action to recover dependency benefits and burial expenses under the workmen's compensation law. After hearing before one judge of the compensation court, plaintiff was awarded $15 per week for a period of 142 5/7 weeks as dependency benefits, together with $150 burial expenses. Upon rehearing before the three judges of the compensation court, that award was affirmed and defendant appealed therefrom to the district court, with like result except that plaintiff was also awarded $150 attorneys' fees for services rendered in that court. From that affirmance defendant appealed to this court, assigning as error that the trial court acted without and in excess of its powers

and that the findings of fact are not conclusively supported by the evidence and do not support the award. We conclude that the assignments cannot be sustained.

This court has recently held that "A bill of exceptions filed in this court on appeal from the district court in a compensation case must be prepared, served, settled, and filed in accordance with section 25-1140, R. S. 1943." Ratay v. Wylie, 147 Neb. 201, 22 N. W. 2d 622. In the case at bar, the bill of exceptions from the compensation court, properly authenticated, together with the transcript therefrom, was filed in the district court but the bill of exceptions was never offered or received in evidence at the hearing there, and was filed in this court without being certified, allowed, or authenticated, as required by the statutes granting such appeals in this state. The time within which that may be done has long since elapsed.

Under such circumstances, although no motion to quash the bill of exceptions has been filed herein: "This court will, on ·its own motion, refuse to consider a document appearing in the record and purporting to be a bill of exceptions when not allowed as such by the trial judge or authenticated by the certificate of the clerk of the trial court." Ratay v. Wylie, *supra.*

In such a situation, this court will presume, as the trial court must have done, in the absence of any evidence properly before it, that the evidence adduced before the compensation court was sufficient to sustain the findings of fact made in its award and the only question presented, either in the district court or in this court on appeal therefrom, is whether the pleadings filed in the compensation court were sufficient to support the award and judgment.

In the light thereof, we will briefly review the pleadings. Plaintiff's petition contained in substance the following allegations: That on February 16 and February 20, 1942, an award was made by the compensation court finding that on April 7, 1936, Nyle M. Gilmore

sustained an accident and received a latent and progressive injury therefrom, which arose out of and in the course of his employment by defendant, but did not culminate in compensable disability until March 31, 1941, when he became totally disabled therefrom, and would continue to be so disabled for an indefinite time in the future. He was awarded compensation therefor at the rate of $15 per week; together with necessary medical and hospital expenses incurred as the result of such accident, from and after March 31, 1941, so long as his total disability continued. No appeal was taken therefrom, and Nyle M. Gilmore was paid compensation by defendant at that rate, together with certain medical and hospital expenses as ordered in the award, for a period of 182 2/7 weeks, up to and including September 27, 1944, the date of his death, which was due to, resulted from, and was caused by the accident and injury, thereby entitling plaintiff to recover dependency benefits and burial expenses.

Defendant's answer admitted plaintiff's total dependency upon Nyle M. Gilmore, her father. It thereafter denied generally and alleged in substance that Nyle M. Gilmore knew, or should have known, of his disability and filed no claim for compensation within six months of his accident and presented no petition to the compensation court within one year from the date of the accident, therefore the statute of limitations barred his claim for compensation, as a result of which plaintiff's claim for dependency benefits and burial expenses was also barred thereby.

In that connection we call attention to the fact that in Gilmore v. State, 146 Neb. 647, 20 N. W. 2d 918, this court held that the above award of compensation to Nyle M. Gilmore from defendant herein, entered by the compensation court on February 16, 1942, and February 20, 1942, but never appealed from, was a final order constituting an absolute bar to the defense of the statute of limitations interposed by defendant herein.

As a result, that question could not be relitigated in this related action.

Clearly, since that award to Nyle M. Gilmore was conclusive upon defendant, and plaintiff's petition sought, and the award gave her, the relief to which she was entitled by virtue of sections 48-122, 48-123, and 48-124, R. S. 1943, the pleadings were sufficient to sustain the award and judgment. Other matters are discussed in brief of counsel, but since they are not properly before this court, we will not discuss them. Under such circumstances, the judgment must be, and is hereby affirmed, and plaintiff is awarded $200 attorneys' fees for services rendered in this court.

AFFIRMED.